Joseph M. Mabe, OSB #045286
SLINDE NELSON
425 NW 10th Avenue, Suite 200
Portland, OR 97209
T: 503-417-7777
F: 503-417-4250
Email: joe@slindenelson.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| OREGON JV LLC, a New York limited liability company,<br><br>               Plaintiff,<br><br>   v.<br><br>ADVANCED INVESTMENT CORP. d/b/a AIC, an Oregon limited liability company, AUSTIN L. WALKER, an individual, ANTHONY J. FAVREAU AND CYNTHIA L. FAVREAU, Trustees of the Favreau Family Trust, JOHN P. RUDE AND CHRISTINE ANN SULLIVAN, individuals, DW&S, LLC, an Oregon limited liability company, CLS INVESTMENTS, LLC, an Oregon limited liability company, JOANNA NASSET AND STEVEN NASSET, Trustees of the J&S Enterprises, CHARLES D. EVERARD, ADA M. EVERARD, DONNA J. SWANSON, AND DIANE M. DUYCK, individuals, ROBBIN DENISE FREEDMAN, Trustee of the Robbin Denise Freedman Revocable Living Trust, SCHULTZ REAL ESTATE INVESTMENTS, LLC, an Oregon limited liability company, ROBERT EDISON SILVIS AND MICHAEL J. SILVIS, Trustees for the Silvis Family Revocable Trust, ROBERT BAYMAN AND DELORES BAYMAN, individuals, EUGENE W. GRAMZOW, Trustee for the "Eugene W. Gramzow Revocable Trust", JOHN V. K. FEARING AND SUSAN L. BAKER, Co- | CASE NO.<br><br>**COMPLAINT**<br><br>(Fraud in the Inducement; Promissory Fraud; Unjust Enrichment; Declaratory Relief)<br><br>Prayer: Not less than $10,000,000.00<br><br>*Jury Trial Requested* |

Page 1 – **COMPLAINT**

Trustees of the Baker Fearing Trust, EMILY R.
COLLINS, an individual, NEIL L. WARNE
AND CHRISTY WARNE, individuals, MARK
ALLEN DITGEN AND LINDA CAROL
DITGEN, individuals, STEPHEN F. DUFFY,
an individual, AMY S. LA GRANDER, an
individual, MARGIE NEMCIK-CRUZ, an
individual, JONNY B. WATSON, an
individual, REX D. BALLENGER AND
BONNIE L. BALLENGER, individuals,
MICHAEL A. WELT, an individual, ROBERT
A. ZOLLER AND DIANA GREENE,
individuals, RH VENTURES, LLC, an Oregon
limited liability company, ERVIN WOOD, an
individual, J & D OR PROPERTIES, LLC, an
Oregon limited liability company, MATTHEW
DAVID FREEDMAN, Trustee of the Matthew
David Freedman Revocable Trust, CARL M.
DUTLI, Trustee of the CMD Retirement Trust,
MARGARET J. BROWN OLSON, Trustee of
the Margaret J. Brown Trust, JOHN M.
COMPTON AND BETTY COMPTON,
individuals, KURT D. CONNELL AND ERIN
RONNIE CONNELL, individuals, CRAIG
ALACANO AND CYNTHIA L. ALACANO,
Co-Trustees of the Craig and Cynthia Alacano
Joint Trust, VIC MITCHELL, an individual,
and ANDREW STRICKLAND, an individual,

Defendants.

Plaintiff Oregon JV LLC ("Plaintiff" or "Oregon JV") alleges as follows:

1. Plaintiff reserves the right to amend its Complaint as discovery progresses and as lenders begin to assert claims against Defendant Advanced Investment Corp., including negligence, fiduciary, contract, fraud, or securities claims.

///

///

///

Page 2 – **COMPLAINT**

## PARTIES

2.      Plaintiff Oregon JV LLC ("Plaintiff" or "Oregon JV") is a New York limited liability company with its principal place of business in Rockland County, New York. Further, the members of Oregon JV LLC are residents of the State of New York.

3.      Defendant Advanced Investment Corp. ("AIC") is an Oregon corporation with its principal place of business in Wilsonville, Clackamas County, Oregon.

4.      Defendant Austin L. Walker ("Mr. Walker") is an individual and, on information and belief, is a resident of the State of Oregon. At all material times, Mr. Walker was an agent, officer, and employee of AIC.

5.      Defendants Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust, are individuals and, on information and belief, are residents of the State of Oregon.

6.      Defendants John P. Rude and Christine Ann Sullivan, are individuals and, on information and belief, are residents of the State of Oregon.

7.      Defendant DW&S, LLC is an Oregon limited liability company with its principal place of business in Eugene, Lane County, Oregon. Further, on information and belief, the member(s) of DW&S, LLC is/are residents of the State of Oregon.

8.      Defendant CLS Investments, LLC is an Oregon limited liability company with its principal place of business in Eugene, Lane County, Oregon. Further, on information and belief, the member(s) of CLS Investments, LLC is/are residents of the State of Oregon.

9.      Defendants Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises, are individuals and, on information and belief, are residents of the State of Oregon.

10.      Defendants Charles D. Everard, Ada M. Everard, Donna J. Swanson, and Diane M. Duyck are individuals who, on information and belief, are residents of the State of Oregon.

11.      Defendant Robbin Denise Freedman, Trustee of the Robbin Denise Freedman Revocable Living Trust, is an individual and, on information and belief, is a resident of the State of Oregon.

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

12.     Defendant Schultz Real Estate Investments, LLC is an Oregon limited liability company with its principal place of business in Eugene, Lane County, Oregon. Further, on information and belief, the member(s) of Schultz Real Estate Investments, LLC is/are residents of the State of Oregon.

13.     Defendants Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust, are individuals and, on information and belief, are residents of the State of Oregon.

14.     Defendants Robert Bayman and Delores Bayman are individuals and, on information and belief, are residents of the State of Oregon.

15.     Defendant Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," is an individual and, on information and belief, is a resident of the State of Oregon.

16.     Defendants John V. K. Fearing and Susan L. Baker, Co-Trustees of the Baker Fearing Trust, are individuals and, on information and belief, are residents of the State of Oregon.

17.     Defendant Emily R. Collins is an individual and, on information and belief, is a resident of the State of Oregon.

18.     Defendants Mark Allen Ditgen and Linda Carol Ditgen are individuals and, on information and belief, are residents of the State of Oregon.

19.     Defendant Stephen F. Duffy is an individual and, on information and belief, is a resident of the State of Oregon.

20.     Defendant Amy S. LaGrander is an individual and, on information and belief, is a resident of the State of Oregon.

21.     Defendant Margie Nemcik-Cruz is an individual and, on information and belief, is a resident of the State of Oregon.

22.     Defendant Jonny B. Watson is an individual and, on information and belief, is a resident of the State of Oregon.

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

23.    Defendants Rex D. Ballenger and Bonnie L. Ballenger are individuals and, on information and belief, are residents of the State of Oregon.

24.    Defendant Michael A. Welt is an individual and, on information and belief, is a resident of the State of Oregon.

25.    Defendants Robert A. Zoller and Diana Greene are individuals and, on information and belief, are residents of the State of Oregon.

26.    Defendant RH Ventures, LLC is an Oregon limited liability company with its principal place of business in Canby, Clackamas County, Oregon. Further, on information and belief, the member(s) of RH Ventures, LLC is/are residents of the State of Oregon.

27.    Defendant Ervin Wood is an individual and, on information and belief, is a resident of the state of Oregon.

28.    Defendant J & D OR Properties, LLC, is an Oregon limited liability company with its principal place of business located in Cottage Grove, Lane County, Oregon. Further, on information and belief, the members of J & D OR Properties, LLC are residents of the State of Oregon.

29.    Defendant Matthew David Freedman, Trustee of the Matthew David Freedman Revocable Trust, is an individual and, on information and belief, is a resident of the State of Oregon.

30.    Defendant Carl M. Dutli, Trustee of the CMD Retirement Trust, is an individual and, on information and belief, is a resident of the State of Oregon.

31.    Defendant Margaret J. Brown Olson, Trustee of the Margaret J. Brown Trust, is an individual and, on information and belief, is a resident of the State of Oregon.

32.    Defendants John M. Compton and Betty Compton are individuals and, on information and belief, are residents of the State of Oregon.

33.    Defendants Kurt D. Connell and Erin Ronnie Connell are individuals and, on information and belief, are residents of the State of Oregon.

SLINDE NELSON
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

34.     Defendants Craig Alacano and Cynthia L. Alacano, Co-Trustees of the Craig and Cynthia Alacano Joint Trust, are individuals and, on information and belief, are residents of the State of Oregon.

35.     Defendant Vic Mitchell is an individual and, on information and belief, is a resident of the State of Oregon.

36.     Defendant Andrew Strickland is an individual and, on information and belief, is a resident of the State of Oregon.

37.     Defendants, with the exception of AIC and Mr. Walker, will be referred to as the "Defendant Lenders." Together with AIC and Mr. Walker, defendants will collectively be referred to as "Defendants."

## JURISDICTION AND VENUE

38.     Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of costs, exceeds $75,000.00. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332.

39.     Defendant AIC is engaged in conducting business in the state of Oregon in connection with the allegations of this lawsuit and is subject to personal jurisdiction in this district.

40.     On information and belief, Defendant Lenders reside in Oregon for purposes of establishing venue under 28 U.S.C. § 1391(c).

41.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). It is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and the Defendants are Oregon residents and entities.

## FACTS

42.     Defendant AIC is a construction lender, specializing in hard money lending from private investors.

43.     Non-party Joseph F. Russi ("Mr. Russi") purports to be a homebuilder by trade and has a known history of committing fraud and embezzlement.

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

44.     At various times from April 11, 2018 to June 30, 2020, as relevant to this lawsuit, AIC originated over one hundred construction loans to Mr. Russi—fifty one of which are relevant to this lawsuit with principal amounts ranging from $142,000.00 to $1,250,000.00—for the purpose of constructing homes on various pieces of real estate throughout the state of Oregon. Mr. Russi held title to the underlying real estate parcels, which are located in Sutherlin, Eugene, Roseburg, Glide, and Myrtle Creek (the "Russi Properties").

45.     Additionally, on May 3, 2018, AIC originated two additional loans to Oregon Construction Guys, LLC, both in the principal amount of $305,000.00 for the purpose of funding the construction of two homes in Eugene, Oregon (the "Construction Guys Loans").

46.     In September 2019, AIC and Mr. Russi agreed that Mr. Russi would assume the Construction Guys Loans if he obtained title to the underlying property (together with the Russi Properties, the "Properties"). On September 5, 2019, Mr. Russi acquired title to the property and assumed the promissory notes, trust deeds, and construction reserves for the Construction Guys Loans.

47.     Including the Construction Guys Loans, Mr. Russi held an investment pool of fifty-three construction loans managed by AIC and funded by the Defendant Lenders relevant to this lawsuit (the "Loan Pool"). AIC took a security interest in each of the Properties to secure each of the loans in the Loan Pool.

48.     AIC is the Defendant Lenders' agent in fact to administer, manage, review, assess, account, and ensure that all Loan Pool funds were utilized in the construction of homes consistent with industry norms, standards, and best practices.

49.     In early 2021, Mr. Russi was unable to complete construction on the Properties because he lacked funds and credit. In order to obtain additional capital to complete construction on the Properties and service the Loan Pool, Mr. Walker and AIC offered Oregon JV the opportunity to assume the Loan Pool and complete the projects, if Oregon JV were able to obtain title from Mr. Russi after bankruptcy.

SLINDE NELSON
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

50.     During the course of negotiations, Mr. Walker and AIC, disclosed the balances of each of the individual loans in the Loan Pool, but did not disclose the construction status on the various Properties. Rather, Mr. Walker and AIC represented to Plaintiff that the remaining funds in the Loan Pool were sufficient to complete construction of the homes and that completing the construction projects on the Properties was economically viable such that Oregon JV would turn a profit. Mr. Walker and AIC also represented to Plaintiff that they had properly managed the Loan Pool.

51.     In reliance on Mr. Walker and AIC's representations, Plaintiff obtained title to the Properties from Mr. Russi on or before March 10, 2021, executed assumption agreements in which Plaintiff agreed to assume Mr. Russi's obligations in the Loan Pool to AIC and the Defendant Lenders, including monthly interest payments to service the debt, all at considerable expense to itself. True and accurate copies of the various assumption agreements and their addendums are attached as **Exhibit A**.

52.     Plaintiff discovered after executing the assumption agreements that Mr. Walker and AIC lied. Following inspection, Plaintiff learned Mr. Russi absconded with the advanced funds and that the advanced funds were not used for construction or improve the Properties. Further, Plaintiff discovered mechanics liens that were not previously disclosed by AIC and Mr. Walker. Simply, the construction projects on the Properties were incomplete, improperly built, and deteriorating due to exposure. Additionally, the debts on the Properties were far greater than what the Properties were worth in light of over-advancement, multiple creditors, and cross-collateralizations.

53.     Defendants over-advanced the funds in the Loan Pool. The advanced funds were not used for construction and the value of the Properties did not increase in proportion to the funds disbursed. In many instances, the individual loans in the Loan Pool have been fully paid out, but completion of construction will require an infusion of capital meeting or exceeding the original principal loan amount.

Page 8 – **COMPLAINT**

54.     This over-advancement reflects willful neglect of the management of the Loan Pool and failure by Mr. Walker and AIC to ensure that the funds were used for the construction of homes.

55.     When Plaintiff told Mr. Walker and AIC about the over-advancement, AIC threatened to foreclose on the Loan Pool and the Properties.

56.     Mr. Walker and AIC hold themselves out to the public and Plaintiff as experienced construction lenders. Mr. Walker and AIC, however, repeatedly violated industry norms and best practices in the management and administration of the Loan Pool. Specifically, Mr. Walker and AIC were required to not over-advance construction loans ahead of the current progress of the project in order to protect the collateral—funds are only to be advanced once construction of previously advanced phases has been completed and inspected for compliance. Further, AIC and Mr. Walker were required to ensure that all work performed at the various steps of the construction process were completed pursuant to code and were compliant with the requirements of the project at the same time that the work is done on the project. In short, Mr. Walker, AIC, or a third-party inspection company were required to actively manage the construction loan and inspect and approve construction work on the projects as they were being completed. Mr. Walker and AIC were also required to pay insurance and property taxes before other distributions which have a super-priority.

57.     AIC failed to do so. Indeed, after discovering that the Properties were over-advanced, in violation of best practices and industry norms, Plaintiff confronted Mr. Walker and AIC who admitted that the work performed by Mr. Russi on the Properties was not in accordance with the advanced funds and that many of the Properties were under water.

58.     Mr. Walker and AIC's admission that they over-advanced the construction loans the funds was an ineffective ploy to save face in front of Plaintiff. As became clear to Plaintiff, Mr. Walker and AIC were involved in a fraudulent pseudo-Ponzi Scheme with Mr. Russi. AIC would over-advance funds to Mr. Russi who would in turn throw up shoddy construction and split

SLINDE NELSON
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

the left-over savings from the construction loans. AIC would then double dip. Because Mr. Russi was only required to pay interest on the construction loans to the extent that the construction loans had been loaned out, AIC also took a cut of the interest destined for the Defendant Lenders. Thus, AIC would over-advance the construction loans, take a kick-back from Mr. Russi on the pocketed construction costs, and then double dip by taking a cut of the inflated interest payments due to Defendant Lenders.

59.     The scheme collapsed in the summer of 2020 when Mr. Russi declared bankruptcy. Mr. Walker and AIC looked for a patsy to end the bankruptcy in order to avoid detection by the trustee during discovery and accounting, to whom they had given the inflated and false valuations of the Loan Pool. Mr. Walker and AIC duped Oregon JV to white knight Mr. Russi out of bankruptcy, assume the defective Loan Pool, injected millions of additional capital into the projects, and made over a year of 12% interest payments to the Defendant Lenders. While at first blush it made no sense for Mr. Walker and AIC to beg Oregon JV to end the bankruptcy because the construction loans held by the Defendant Lenders and administered by AIC held a first-priority position—even over purchase money mortgages—and Defendant Lenders would have been the only parties likely to be made whole. Mr. Walker and AIC, however, could not let the bankruptcy and securitization priority waterfall occur because their scheme would be found out.

60.     Instead, Mr. Walker and AIC made a series of false representations to Oregon JV orally and through email that the projects were properly funded, the remaining funds in the Loan Pool were sufficient to complete the collateral and turn a profit, and that the work done to-date by Mr. Russi was compliant such that the construction loans were properly advanced and not underwater. Perplexingly, Mr. Walker affirmatively represented to Oregon JV that he believed Mr. Russi's construction progress was sufficient because he had seen a warehouse with building supplies in it even though he had not seen the construction himself.

61.     Once Oregon JV discovered that the Properties were underwater, Oregon JV began protracted negotiations with Mr. Walker and AIC to attempt to restructure the deal so that all

Page 10 – **COMPLAINT**

parties could either be made whole or have their damages ameliorated. Every time Oregon JV made a proposal, AIC refused and eventually issued default letters to Plaintiff threatening to foreclose on the Properties.

## FIRST CLAIM FOR RELIEF

### Count 1

#### (Fraud in the Inducement –Against All Defendants)

62.     Plaintiff realleges and incorporates the preceding Paragraphs as if fully set forth herein.

63.     Defendants are liable to Plaintiff because AIC, agent for Defendant Lenders, committed fraud against Plaintiff when it, by and through its agent Mr. Walker, intentionally made false representations to Plaintiff concerning the nature and status of the construction loans constituting the Loan Pool to induce Plaintiff into assuming Mr. Russi's contractual obligations.

64.     As described in Paragraphs 50-61, Mr. Walker and AIC made representations to Plaintiff that: (i) the construction at the Properties constituted an economically viable project, (ii) that the Loan Pool was sufficient to complete construction of the projects without the need for significant additional capital infusions, and (iii) that AIC had been properly managing the Loan Pool, which it had an obligation to do under industry norms and best practices. Those representations and omissions were false—AIC breached its fiduciary duty to the Defendant Lenders to properly oversee the Loan Pool, the Loan Pool was insufficient when assumed by Oregon JV to complete construction, and construction on the Properties was not an economically viable project. AIC's representations and omissions were so material that they completely destroyed the economic purpose of Plaintiff's assumption of the Loan Pool and Plaintiff never would have assumed the Loan Pool had its known of the misrepresentations.

65.     Mr. Walker and AIC—experienced construction lenders—knew the severity of Mr. Russi's theft of the construction loans, the lack of progress on the various construction projects on the Properties, and that the projects were now economically unfeasible because the Loan Pool

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

lacked sufficient resources to complete the projects as represented to Plaintiff. Mr. Walker and AIC knew that the Loan Pool was being pillaged by Mr. Russi and that the projects were no longer economically viable because AIC had an affirmative duty to oversee and manage the Loan Pool as represented to Plaintiff. If AIC did not know the state of the Loan Pool at that time, that ignorance was willful and in violation of AIC's affirmative duties to the Defendant Lenders and would still render the representations and omissions to Plaintiff sufficient to support a fraud claim. In any event, Mr. Walker and AIC intentionally made misrepresentations to Plaintiff in order to induce Plaintiff into assuming the Loan Pool and taking over construction on the Properties, so that AIC could continue to show interest returns to the Defendant Lenders and themselves.

66.    Plaintiff, on the other hand, was entitled to reasonably rely on Mr. Walker and AIC's representations and omissions because of, among other reasons, AIC's experience and reputation in construction money lending, and affirmative representations that Mr. Russi had successfully completed over fifty homes with them in the past. Plaintiff, however, had no idea that the Loan Pool had been pillaged by Mr. Russi, mismanaged by AIC, that AIC and Mr. Walker were receiving kickbacks, and that the economic viability of the projects of the Properties was nonexistent. Accordingly, the moment that Plaintiff assumed the Loan Pool in reasonable reliance on Mr. Walker and AIC's misrepresentations, it was proximately damaged to the tune of not less than $10,000,000.00, and damages increase every day.

67.    Mr. Walker and AIC are the agents of the Defendant Lenders with respect to each loan in the Loan Pool. Under Oregon law, "[a] principal is liable to third persons for frauds, deceits, concealments, tort, and omissions of duty of his agent[.]" *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or 115, 137-8, 404 P.3d 912 (2017) (citation omitted). Accordingly, the Defendant Lenders are liable to Plaintiff for Mr. Walker and AIC's fraud.

68.    For Mr. Walker and AIC's—and by extension, the Defendant Lenders'—fraud, Plaintiff seeks recission of the assumption agreements of the Loan Pool and damages of not less than $10,000,000.00 that were incurred directly and proximately by the fraud in construction costs

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

and interest payments, pre- and post-judgment interest, and attorneys' fees and costs pursuant to Section 7 of the assumption agreements to be rescinded and ORS 20.083.

## Count 2

### (Promissory Fraud – Against All Defendants)

69.     Plaintiff realleges and incorporates the preceding Paragraphs as if fully set forth herein.

70.     Mr. Walker and AIC, as agents of Defendant Lenders, knew at the time Plaintiff entered into the assumption agreements with Defendant Lenders that the promises and representations in Paragraph 64 concerning the Loan Pool and the status of construction on the Properties were false, that Mr. Walker and AIC intended the defraud and deceive Plaintiff, and that Mr. Walker and AIC intended Plaintiff to rely on the promises and representations in making the decision to assume Mr. Russi's obligations under the Loan Pool. Specifically, at the time Defendant Lenders entered into the assumption agreements with Plaintiff, Mr. Walker and AIC knew that Defendants could not and had no actual intent to perform under the assumption agreements. In particular, Mr. Walker and AIC knew that Defendants could not and had no intent to (i) provide Plaintiff with economically viable construction projects on the Properties, (ii) provide Plaintiff with a Loan Pool that was sufficient to complete construction of the projects, and (iii) had properly managed the Loan Pool in accordance with the industry norms and best practices. AIC acted with malice when making their promises and representations.

71.     At the time the promises and representations were made by Defendants, Plaintiff was ignorant of their falsity and believed them to be true. In reasonable reliance upon these promises and representations, Plaintiff agreed to entered into the assumption agreements with Defendant Lenders. Had Plaintiff known the truth, Plaintiff would not have executed the assumption agreements.

72.     Plaintiff's reliance on Mr. Walker and AIC's promises and representations were justified because Plaintiff had no reason to believe Mr. Walker and AIC were not being truthful,

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Plaintiff did not have any other reason to believe that Defendants had no intention to honor the promises they made in the assumption agreements, and Plaintiff expected to enter into a good faith contractual relationship with Defendants.

73.    Mr. Walker and AIC are the agents of the Defendant Lenders with respect to each loan in the Loan Pool. Under Oregon law, "[a] principal is liable to third persons for frauds, deceits, concealments, tort, and omissions of duty of his agent[.]" *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or 115, 137-8, 404 P.3d 912 (2017) (citation omitted). Accordingly, the Defendant Lenders are liable to Plaintiff for Mr. Walker and AIC's fraud.

74.    For Mr. Walker and AIC's—and by extension, the Defendant Lenders'—fraud, Plaintiff seeks recission of the assumption agreements of the Loan Pool and damages of not less than $10,000,000.00 that were incurred directly and proximately by the fraud in construction costs and interest payments, pre- and post-judgment interest, and attorneys' fees and costs pursuant to Section 7 of the assumption agreements to be rescinded and ORS 20.083.

## **SECOND CLAIM FOR RELIEF**

### **(Unjust Enrichment – Against Defendant Lenders)**

75.    Plaintiff realleges and incorporates the preceding Paragraphs as if fully set forth herein.

76.    Defendant Lenders are liable to Plaintiff under the doctrine unjust enrichment and must return the wrongfully conferred benefit of not less than $10,000,000.00 in construction costs and interest payments and pre- and post-judgment interest.

77.    Plaintiff was induced into assuming the Loan Pool by Mr. Walker and AIC—agents of Defendant Lenders—and as a part of the assumption of the contracts conferred a benefit in the form of interest payments on the underlying loans and construction costs towards completion of the collateral undergirding each individual loan. Defendant Lenders know they have received this benefit because they received and cashed the interest payments and—by and through their agents

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Mr. Walker and AIC—have been in protracted discussions with Plaintiff concerning the construction costs being injected into the construction projects at the Properties.

78.     It would be inequitable under the circumstances to allow the Defendant Lenders to retain the benefits conferred upon them because they were procured by Defendant Lenders through their agents' false representations and omissions—whether fraudulently made, or negligently misrepresented with a reckless disregard for the truth. Even an innocent oversight—which is not the case here—would be sufficient to support a claim of unjust enrichment.

79.     Accordingly, Plaintiff is entitled to damages of not less than $10,000,000.00 in interest payments and construction costs injected into the Defendant Lenders' construction projects on the Properties, and pre- and post-judgment interest. During the pendency of this action, Plaintiff is also entitled to injunctive relief that the Defendants cannot foreclose on any of the subject Properties—judicially or otherwise—and are also entitled to an equitable lien on the subject Properties placing Plaintiff *in pari pasu* with any monies to be received by AIC, or a constructive trust.

## THIRD CLAIM FOR RELIEF

### (Declaratory Relief – Against All Defendants)

80.     Plaintiff realleges and incorporates the preceding Paragraphs as if fully set forth herein.

81.     As an alternative claim, there exists a current and ripe dispute between Plaintiff and Defendants concerning whether a contract has been entered into, whether that contract is enforceable, and whether Plaintiff is in default as the Defendants' default letters contend. Plaintiff is entitled to declaratory relief that the assumption agreements are not valid and enforceable contracts because of mutual mistake.

82.     Under Oregon law, a mutual mistake of fact renders a contract voidable by the adversely affected party, where the parties are mistaken as to the facts existing at the time of the contract, if the mistake is so fundamental that it frustrates the purpose of the contract. In the

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

unlikely event that AIC, as agent of the Defendant Lenders, was not aware of the systematic over-advancement of the underlying construction loans, then the assumption agreements are properly voidable because Plaintiff was not aware of the nature of the over-advancements at the time of the execution of the contracts and did not bear the risk of the mistake. Further, the over-advancements are so material they completely frustrate the purpose of Plaintiff's assumption of the underlying agreements—the return of investment and turn of profit for Plaintiff. Indeed, at the time of the execution, Plaintiff's and Defendants' mistaken knowledge of the over-advancement of the Loan made it impossible that Plaintiff could ever complete construction and turn a profit, thereby completely frustrating the purpose of the assumption agreements.

83.     Accordingly, because of the mutual mistake of a material fact that frustrated the purpose of the assumption agreements, Plaintiff is entitled to rescission, damages of not less than $10,000,000.00 in construction costs and interest payments, pre- and post-judgment interest, and attorneys' fees and costs pursuant to Section 7 of the assumption agreements to be rescinded and ORS 20.083.

**WHEREFORE**, Plaintiff prays for and is entitled to the following relief:

1.      On the First Claim For Relief: rescission, damages of not less than $10,000,000.00, and pre- and post-judgment interest;

2.      On the Second Claim For Relief: damages of not less than $10,000,000.00, pre- and post-judgment interest, an injunction prohibiting Defendants from foreclosing on any of the subject Properties—judicially or otherwise—and an equitable lien on the subject Properties placing Plaintiff *in pari pasu* with any monies to be received by AIC upon any sale, or a constructive trust;

3.      In the alternative, on the Third Claim For Relief, rescission, damages of not less than $10,000,000.00, and pre- and post-judgment interest;

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

4.    Attorneys' fees and costs pursuant to Section 7 of the subject assumption agreements and ORS 20.083; and

5.    Any such further relief that the Court determines is just and equitable.


DATED: March 2, 2022.

SLINDE NELSON

By:_____*s/ Joseph M. Mabe*_____
     Joseph M. Mabe, OSB No. 045286
     joe@slindenelson.com
         *Of Attorneys for Plaintiff*

**SLINDE NELSON**
425 NW 10th Ave, Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

## ASSUMPTION AGREEMENT – 3636L

**DATE:**　　　March 10, 2021

**PARTIES**:

　　　Amy S. La Grander　　　　　　　　　　　　　　　　　("Lender")

　　　Oregon JV LLC, a New York limited liability company　　　("New Borrower")

**RECITALS**:

　　　A.　　Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

　　　B.　　**Reserved.**

　　　C.　　Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

　　　D.　　It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

　　　**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

　　　1.　　**Documents.**　The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

　　　1.1　　The Promissory Note executed by Joseph Russi on or about November 20, 2018 in the principal amount of $180,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

　　　1.2　　The Trust Deed executed by Joseph Russi on November 20, 2018, as Grantor, and Amy S. La Grander, as Beneficiary, dated November 20, 2018 and recorded November 21, 2018, Recorder No. 2018-018628, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on November 20, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $180,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

2.3    In addition to the principal amount of $180,000.00, advances have been made on the Promissory Note in the total amount of $5,619.63.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Amy S. La Grander is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $10,800.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the

assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on October 21, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.   **Entire Agreement**.   This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

Amy LaGrander

Amy S. La Grander

## ASSUMPTION AGREEMENT ADDENDUM – 3636L

**DATE:**        October 1, 2021

**PARTIES**:

    Amy S. La Grander                                                          ("Lender")

    Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3     Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 1, 2021 and the Certificate of Occupancy must be provided to Lender by February 1, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

DocuSign Envelope ID: 2D4ACE4B-7069-40C1-A37C-C06AFFDF6CEC

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

11/16/2021

Menachem Silber, Member

**LENDER:**

Amy S. La Grander

Exhibit A
Page 6 of 272

## ASSUMPTION AGREEMENT – 3817L

**DATE:**　　　March 10, 2021

**PARTIES**:

　　Andrew Strickland　　　　　　　　　　　　　　　　　　　("Lender")

　　Oregon JV LLC, a New York limited liability company　　　("New Borrower")

**RECITALS**:

　　A.　　Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

　　B.　　**Reserved.**

　　C.　　Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

　　D.　　It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

　　**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

　　1.　　**Documents.**　The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

　　1.1　　The Promissory Note executed by Joseph Russi on or about October 9, 2019 in the principal amount of $250,000.00.　A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

　　1.2　　The Trust Deed executed by Joseph Russi on October 9, 2019, as Grantor, and Andrew Strickland, as Beneficiary, dated October 9, 2019 and recorded October 11, 2019, Recorder No. 2019-015962, Official Records of Douglas County, Oregon.　A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3     A Construction Reserve Agreement executed by Joseph Russi on October 9, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.     **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1     The balance due on the Promissory Note is the principal amount of $93,000.00.

2.2     The remaining amount to be disbursed from the construction reserve is $0.00.

3.     **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1     The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Andrew Strickland is in first priority position will be conveyed to Oregon JV LLC.

3.2     Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $5,580.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3     Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4     If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5     If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.     **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives six months of accumulated interest, late fees and penalties from March 1, 2020 to September 1, 2020, the remaining interest due from September 1, 2020 through March 1, 2021 will attach to the principal balance and be due upon sale; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note will become due and payable on September 10, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member



**LENDER:**


_____
Andrew Strickland

## ASSUMPTION AGREEMENT – 3619L

**DATE:**      March 10, 2021

**PARTIES**:

     Baker Fearing Trust; John V. K. Fearing and Susan L. Baker, Co-Trustees UDT January 7, 2004                                            ("Lender")

     Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

     A.     Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

     B.     **Reserved.**

     C.     Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

     D.     It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

     **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

     1.     **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

     1.1     The Promissory Note executed by Joseph Russi on or about October 23, 2018 in the principal amount of $175,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

     1.2     The Trust Deed executed by Joseph Russi on October 23, 2018, as Grantor, and Baker Fearing Trust; John V. K. Fearing and Susan L. Baker, Co-Trustees UDT January 7, 2004, as Beneficiary, dated October 23, 2018 and recorded October 24, 2018, Recorder No. 2018-017152, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on October 23, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $175,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

2.3    In addition to the principal amount of $175,000.00, advances have been made on the Promissory Note in the total amount of $1,372.07.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Baker Fearing Trust; John V. K. Fearing and Susan L. Baker, Co-Trustees UDT January 7, 2004 are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $10,500.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on September 24, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

Exhibit A
Page 13 of 272

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

Baker Fearing Trust; John V. K. Fearing and Susan L. Baker, Co-Trustees UDT January 7, 2004

John Fearing
_____
John V. K. Fearing, Co-Trustee

Baker Fearing Trust - Susan L. Baker co trustee
_____
Susan L. Baker, Co-Trustee

## ASSUMPTION AGREEMENT – 3680L

**DATE:**        March 10, 2021

**PARTIES**:

>    Carl M. Dutli, Trustee of the CMD Retirement Trust                    ("Lender")

>    Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.    Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about January 28, 2019 in the principal amount of $230,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on January 28, 2019, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated January 28, 2019 and recorded January 29, 2019, Recorder No. 2019-002350, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed recorded January 29, 2019, Recorder No. 2019-002352, Official Records of Douglas County, Oregon.  A copy

of the Trust Deed and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on January 28, 2019. A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**. The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $230,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $42,650.97.

3.    **Assumption.** New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Carl M. Dutli, Trustee of the CMD Retirement Trust is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $13,800.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the

assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on December 28, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company


_____
Menachem Silber, Member

**LENDER:**

Carl M. Dutli, Trustee of the CMD Retirement Trust

_Carl Dutli_
_____
Carl M. Dutli, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3680L

**DATE:**        October 1, 2021

**PARTIES**:

    Carl M. Dutli, Trustee of the CMD Retirement Trust        ("Lender")

    Oregon JV LLC, a New York limited liability company    ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3     Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on August 19, 2021 and the Certificate of Occupancy must be provided to Lender by April 19, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



11/16/2021

Menachem Silber, Member

**LENDER:**

Carl M. Dutli, Trustee of the CMD Retirement Trust



Carl M. Dutli, Trustee

## ASSUMPTION AGREEMENT – 3570L

**DATE:**       March 10, 2021

**PARTIES**:

Charles D. Everard, Ada M. Everard, Donna J. Swanson, and Diane M. Duyck,("Lender")

Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1     The Promissory Note executed by Joseph Russi on or about August 29, 2018 in the principal amount of $205,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2     The Trust Deed executed by Joseph Russi on August 29, 2018, as Grantor, and Charles D. Everard, Ada M. Everard, Donna J. Swanson, and Diane M. Duyck, as Beneficiary, dated August 29, 2018 and recorded August 31, 2018, Recorder No. 2018-014311, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3     A Construction Reserve Agreement executed by Joseph Russi on August 29, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $205,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Charles D. Everard, Ada M. Everard, Donna J. Swanson, and Diane M. Duyck, are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $12,300.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4     If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5     If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on July 30, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.** Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

Charles D. Everard

Ada M. Everard

Donna J. Swanson

Diane M. Duyck

## ASSUMPTION AGREEMENT ADDENDUM – 3570L

**DATE:**        October 1, 2021

**PARTIES**:

Charles D. Everard, Ada M. Everard, Donna J. Swanson, and Diane M. Duyck ("Lender")

Oregon JV LLC, a New York limited liability company            ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 18, 2021 and the Certificate of Occupancy must be provided to Lender by February 18, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Charles D. Everard

_____
Ada M. Everard

_____
Donna J. Swanson

_____
Diane M. Duyck

ASSUMPTION AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3509L

**DATE:**        March 10, 2021

**PARTIES**:

   CLS Investments, LLC, an Oregon limited liability company            ("Lender")

   Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

   A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

   B.    Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

   C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

   D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

   **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

   1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

   1.1    The Promissory Note executed by Joseph Russi on or about May 23, 2018 in the principal amount of $400,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

   1.2    The Trust Deed executed by Joseph Russi on May 23, 2018, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated May 23, 2018 and recorded May 24, 2018, Recorder No. 2018-008860, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed recorded May 24, 2018, Recorder No. 2018-008863, Official Records of Douglas County, Oregon.  A copy of the Trust Deed

and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on May 23, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $400,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which CLS Investments, LLC, an Oregon limited liability company is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $24,000.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.     **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on April 25, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

CLS Investments, LLC, an Oregon limited liability company

_____
Curtis M. Saunders, President

## ASSUMPTION AGREEMENT ADDENDUM – 3509L

**DATE:**        October 1, 2021

**PARTIES**:

CLS Investments, LLC, an Oregon limited liability company                    ("Lender")

Oregon JV LLC, a New York limited liability company              ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3     Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 18, 2021 and the Certificate of Occupancy must be provided to Lender by February 18, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

CLS Investments, LLC, an Oregon limited liability company

_Curtis M. Saunders_
_____
Curtis M. Saunders, President

## ASSUMPTION AGREEMENT – 3745L

**DATE:**        March 10, 2021

**PARTIES**:

     Craig Alacano and Cynthia L. Alacano as Co-Trustees of the Craig and Cynthia Alacano Joint Trust, Dated May 8, 2001                                         ("Lender")

     Oregon JV LLC, a New York limited liability company              ("New Borrower")

**RECITALS**:

     A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

     B.      **Reserved.**

     C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

     D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

     **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

     1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

     1.1    The Promissory Note executed by Joseph Russi on or about May 24, 2019 in the principal amount of $215,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

     1.2    The Trust Deed executed by Joseph Russi on May 24, 2019, as Grantor, and Craig Alacano and Cynthia L. Alacano as Co-Trustees of the Craig and Cynthia Alacano Joint Trust, Dated May 8, 2001, as Beneficiary, dated May 24, 2019 and recorded May 28, 2019, Recorder No. 2019-008218, Official Records of Douglas County, Oregon. A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on May 24, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $215,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $48,550.36.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Craig Alacano and Cynthia L. Alacano as Co-Trustees of the Craig and Cynthia Alacano Joint Trust, Dated May 8, 2001 are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $12,900.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

DocuSign Envelope ID: D675CAAE-9FBB-4E19-9541-0782EB2D769A

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note will become due and payable on April 22, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.   In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11. **Entire Agreement**. This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

Craig Alacano and Cynthia L. Alacano as Co-Trustees of the Craig and Cynthia Alacano Joint Trust, Dated May 8, 2001

_____
Craig Alacano Co-Trustee

_____
Cynthia Alacano Co-Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3745L

**DATE:**        October 1, 2021

**PARTIES**:

Craig Alacano and Cynthia L. Alacano as Co-Trustees of the Craig and Cynthia Alacano Joint Trust, Dated May 8, 2001                    ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on September 8, 2021 and the Certificate of Occupancy must be provided to Lender by May 8, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Craig Alacano and Cynthia L. Alacano as Co-Trustees of the Craig and Cynthia Alacano Joint Trust, Dated May 8, 2001

_____
Craig Alacano Co-Trustee

_____
Cynthia Alacano Co-Trustee

## ASSUMPTION AGREEMENT – 3504L

**DATE:**       March 10, 2021

**PARTIES**:

　　　　DW&S, LLC an Oregon limited liability company                    ("Lender")

　　　　Oregon JV LLC, a New York limited liability company           ("New Borrower")

**RECITALS**:

　　　　A.       Oregon Construction Guys, LLC ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

　　　　B.       Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

　　　　C.       Oregon Construction Guys, LLC deeded the property to Joseph Russi on September 5, 2019 and Russi assumed the Promissory Note, Trust Deed and Construction reserve from Oregon Construction Guys, LLC;

　　　　D.       Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

　　　　E.       It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

　　　　**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

　　　　1.       **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

　　　　1.1     The Promissory Note executed by Oregon Construction Guys, LLC on or about May 3, 2018 in the principal amount of $305,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

　　　　1.2     The Trust Deed executed by Oregon Construction Guys, LLC on May 3, 2018, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated May 3, 2018 and recorded May 4, 2018, Recorder No. 2018-020657,

Official Records of Lane County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed to DW&S, LLC an Oregon limited liability company, recorded May 4, 2018, Recorder No. 2018-020658, Official Records of Lane County, Oregon.  A copy of the Trust Deed, Assumption Agreement to Russi and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

     1.3    A Construction Reserve Agreement executed by Oregon Construction Guys, LLC on May 3, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

     1.4    A Modification of Trust Deed and Notice of Advance Made in the amount of $150,000.00 was executed by Joseph Russi on or about April 20, 2020. The advance made was held in the Construction Reserve Account and disbursed towards construction.

     2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

     2.1    The balance due on the Promissory Note is the principal amount of $455,000.00.

     2.2    The remaining amount to be disbursed from the construction reserve is $40,742.89.

     2.3    In addition to the principal amount of $305,000.00, advances have been made on the Promissory Note in the total amount of $150,000.00 as mentioned above in section 1.4.

     3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed, Construction Reserve Agreement and Modification of Trust Deed attached as Exhibits 1.1, 1.2, 1.3 & 1.4, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

     3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which DW&S, LLC an Oregon limited liability company is in first priority position will be conveyed to Oregon JV LLC.

     3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $27,300.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

     3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4     If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5     If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.     **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on April 7, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company



_____
David J. Weil, Manager

## ASSUMPTION AGREEMENT ADDENDUM – 3504L

**DATE:**       October 1, 2021

**PARTIES**:

DW&S, LLC an Oregon limited liability company                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3      Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on April 28, 2021 and the Certificate of Occupancy must be provided to Lender by December 28, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5      New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1      Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021

Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company

_____

David J. Weil, Manager

ASSUMPTION AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3670L

**DATE:**      March 10, 2021

**PARTIES**:

    DW&S, LLC an Oregon limited liability company         ("Lender")

    Oregon JV LLC, a New York limited liability company      ("New Borrower")

**RECITALS**:

    A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

    B.    Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

    C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

    D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

    **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

    1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

    1.1    The Promissory Note executed by Joseph Russi on or about January 10, 2019 in the principal amount of $235,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

    1.2    The Trust Deed executed by Joseph Russi on January 10, 2019, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated January 10, 2019 and recorded January 11, 2019, Recorder No. 2019-000538, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed recorded January 11, 2019, Recorder No. 2019-000543, Official Records of Douglas County, Oregon.  A copy

of the Trust Deed and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

    1.3    A Construction Reserve Agreement executed by Joseph Russi on January 10, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

    2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

    2.1    The balance due on the Promissory Note is the principal amount of $235,000.00.

    2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

    2.3    In addition to the principal amount of $235,000.00, advances have been made on the Promissory Note in the total amount of $632.67.

    3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

    3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which DW&S, LLC an Oregon limited liability company is in first priority position will be conveyed to Oregon JV LLC.

    3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $14,100.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

    3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

    3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

    3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.      **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on December 11, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.      **Reserved**.

6.      **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.      **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.      **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.      **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company



_____
David J. Weil, Manager

## ASSUMPTION AGREEMENT ADDENDUM – 3670L

**DATE:**     October 1, 2021

**PARTIES**:

DW&S, LLC an Oregon limited liability company                ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3     Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 18, 2021 and the Certificate of Occupancy must be provided to Lender by February 18, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021

Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company

_____

David J. Weil, Manager

ASSUMPTION AGREEMENT - 4

## ASSUMPTION AGREEMENT – 3796L

**DATE:**        March 10, 2021

**PARTIES**:

> DW&S, LLC an Oregon limited liability company                    ("Lender")

> Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.    Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about August 2, 2019 in the principal amount of $195,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on August 2, 2019, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated August 2, 2019 and recorded August 5, 2019, Recorder No. 2019-012155, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed recorded August 5, 2019, Recorder No. 2019-012160, Official Records of Douglas County, Oregon.  A copy of the Trust Deed

and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on August 2, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $41,754.38.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which DW&S, LLC an Oregon limited liability company is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $2,505.26, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the

assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on July 2, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11. **Entire Agreement**. This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company

_____
David J. Weil, Manager

## ASSUMPTION AGREEMENT ADDENDUM – 3796L

**DATE:**     October 1, 2021

**PARTIES**:

DW&S, LLC an Oregon limited liability company                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3     No permits have been received on bare lots that were assumed by Oregon JV LLC at this time due to the timing issues occurring on the delivery of the permits on existing homes under construction being transferred to Stone Creek Building and Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from execution date of this addendum to the assumption agreement. The agreement to satisfy this loan is contingent on any Douglas County title company providing title insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has agreed to provide Certificate of Occupancy on the property within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from

**ASSUMPTION AGREEMENT - 5**

March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

   4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company

David J. Weil, Manager

ASSUMPTION AGREEMENT - 6

## ASSUMPTION AGREEMENT – 3914L

**DATE:**      March 10, 2021

**PARTIES**:

>      DW&S, LLC an Oregon limited liability company                ("Lender")

>      Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

      A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Line of Credit Promissory Note, a Construction Reserve Agreement, and payment of the Line of Credit Promissory Note is secured by a Line of Credit Trust Deed, as more particularly described hereafter;

      B.      **Reserved.**

      C.      Joseph Russi desires to convey the property described in the Linen of Credit Trust Deed to New Borrower; and

      D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

      **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

      1.      **Documents.**   The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

      1.1     The Line of Credit Promissory Note executed by Joseph Russi on or about June 30, 2020 in the principal amount of $1,250,000.00.   A copy of the Line of Credit Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

      1.2     The Line of Credit Trust Deed executed by Joseph Russi on June 30, 2020, as Grantor, and DW&S, LLC an Oregon limited liability company, as Beneficiary, dated June 30, 2020 and recorded June 30, 2020, Recorder No. 2020-011240, Official Records of Douglas County, Oregon.  A copy of the Line of Credit Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on June 30, 2020.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Line of Credit Promissory Note is the principal amount of $1,250,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $50,571.52.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Line of Credit Promissory Note, Line of Credit Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Line of Credit Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which DW&S, LLC an Oregon limited liability company is in second priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $75,000.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Line of Credit Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Line of Credit Promissory Note and Line of Credit Trust Deed described in paragraph 1 hereof, and does hereby waive the right to

DocuSign Envelope ID: 9F6DBE77-8C40-4021-AE3E-75CD32936659

accelerate the balance due on the Line of Credit Promissory Note and Line of Credit Trust Deed as more particularly set forth in the Line of Credit Trust Deed based upon the transfer of the property described in the Line of Credit Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Line of Credit Promissory Note will become due and payable on May 30, 2022, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.   **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Line of Credit Promissory Note and Line of Credit Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company

David J. Weil, Manager

## ASSUMPTION AGREEMENT ADDENDUM – 3914L

**DATE:**    October 1, 2021

**PARTIES**:

DW&S, LLC an Oregon limited liability company                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the execution date of this addendum to the assumption agreement, New Borrower has agreed to provide certificate of occupancy on all of the properties covered under this loan. This loan covers 23 properties.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2     If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____     11/16/2021

Menachem Silber, Member

**LENDER:**

DW&S, LLC an Oregon limited liability company

_____

David J. Weil, Manager

DocuSign Envelope ID: 3DBB47E4-6043-4E84-81C5-1G07A9A5262E

## ASSUMPTION AGREEMENT – 3620L

**DATE:**       March 10, 2021

**PARTIES**:

    Emily R. Collins                                                                ("Lender")

    Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

    A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

    B.      **Reserved.**

    C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

    D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

    **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

    1.      **Documents.**   The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

    1.1     The Promissory Note executed by Joseph Russi on or about October 23, 2018 in the principal amount of $175,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

    1.2     The Trust Deed executed by Joseph Russi on October 23, 2018, as Grantor, and Emily R. Collins, as Beneficiary, dated October 23, 2018 and recorded October 24, 2018, Recorder No. 2018-017154, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on October 23, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $175,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $11,846.50.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Emily R. Collins is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $10,500.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on September 24, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.  **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

---
Menachem Silber, Member

**LENDER:**

---
Emily R. Collins

**ASSUMPTION AGREEMENT ADDENDUM – 3620L**

**DATE:**        October 1, 2021

**PARTIES**:

Emily R. Collins                                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 21, 2021 and the Certificate of Occupancy must be provided to Lender by January 21, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Emily R. Collins

## ASSUMPTION AGREEMENT – 3665L

**DATE:**      March 10, 2021

**PARTIES**:

>   Ervin Wood                                                              ("Lender")
>
>   Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**   The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1     The Promissory Note executed by Joseph Russi on or about January 7, 2019 in the principal amount of $190,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2     The Trust Deed executed by Joseph Russi on January 7, 2019, as Grantor, and Ervin Wood, as Beneficiary, dated January 7, 2019 and recorded January 7, 2019, Recorder No. 2019-000264, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3     A Construction Reserve Agreement executed by Joseph Russi on January 7, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.      **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1     The balance due on the Promissory Note is the principal amount of $190,000.00.

2.2     The remaining amount to be disbursed from the construction reserve is $24,810.83.

3.      **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1     The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Ervin Wood is in first priority position will be conveyed to Oregon JV LLC.

3.2     Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,400.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3     Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4      If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5     If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.      **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on December 4, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.   In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**   Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**   This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**   Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

_____
Ervin Wood

## ASSUMPTION AGREEMENT ADDENDUM – 3665L

**DATE:**        October 1, 2021

**PARTIES**:

Ervin Wood                                                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2   If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

11/16/2021

Menachem Silber, Member

**LENDER:**

*Ervin Wood*

Ervin Wood

## ASSUMPTION AGREEMENT – 3728L

**DATE:**        March 10, 2021

**PARTIES**:

Ervin Wood                                                                    ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

A.        Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.        **Reserved.**

C.        Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.        It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.        **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about April 17, 2019 in the principal amount of $160,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on April 17, 2019, as Grantor, and Ervin Wood, as Beneficiary, dated April 17, 2019 and recorded April 18, 2019, Recorder No. 2019-006226, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on April 17, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $160,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $9,535.81.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Ervin Wood is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $9,600.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

DocuSign Envelope ID: A4292091-5AF3-4DA5-825G-DB1C69E1BA37

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note will become due and payable on March 16, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**



Ervin Wood

## ASSUMPTION AGREEMENT ADDENDUM – 3728L

**DATE:**      October 1, 2021

**PARTIES**:

    Ervin Wood                                                                ("Lender")

    Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3     The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_Ervin Wood_
_____
Ervin Wood

## ASSUMPTION AGREEMENT – 3613L

**DATE:**        March 10, 2021

**PARTIES**:

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998                                                    ("Lender")

Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about October 22, 2018 in the principal amount of $245,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on October 22, 2018, as Grantor, and Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998, as Beneficiary, dated October 22, 2018 and recorded October 23, 2018, Recorder No. 2018-017113, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on October 22, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $262,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $6,412.80.

2.3    In addition to the principal amount of $245,000.00, advances have been made on the Promissory Note in the total amount of $17,111.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998 is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $15,720.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.     **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on September 17, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member


**LENDER:**

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998

Gene Gramzow
_____
Eugene W. Gramzow, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3613L

**DATE:**        October 1, 2021

**PARTIES**:

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998                                                          ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 21, 2021 and the Certificate of Occupancy must be provided to Lender by January 21, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____   11/16/2021
Menachem Silber, Member

**LENDER:**

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998

_____
Eugene W. Gramzow, Trustee

ASSUMPTION AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3614L

**DATE:**        March 10, 2021

**PARTIES**:

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998                                                          ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

**B.    Reserved.**

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about October 22, 2018 in the principal amount of $255,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on October 22, 2018, as Grantor, and Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998, as Beneficiary, dated October 22, 2018 and recorded October 23, 2018, Recorder No. 2018-017109, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on October 22, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $269,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $13,968.63.

2.3    In addition to the principal amount of $255,000.00, advances have been made on the Promissory Note in the total amount of $14,111.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998 is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $16,140.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

DocuSign Envelope ID: 49C04552-D265-42D0-B3B6-D38C9368A17E

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on September 17, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998

_____
Eugene W. Gramzow, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3614L

**DATE:**      October 1, 2021

**PARTIES**:

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998                                                         ("Lender")

Oregon JV LLC, a New York limited liability company           ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3      Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 21, 2021 and the Certificate of Occupancy must be provided to Lender by January 21, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5      New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1      Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

DocuSign Envelope ID: 2D4ACE4B-7869-40C1-A37G-G06A5FDF6CFC

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Eugene W. Gramzow, Trustee for the "Eugene W. Gramzow Revocable Trust," dated February 3, 1998

_____
Eugene W. Gramzow, Trustee

ASSUMPTION AGREEMENT - 4

## ASSUMPTION AGREEMENT – 3493L

**DATE:**        March 10, 2021

**PARTIES**:

> Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family
> Trust - 1990                                                          ("Lender")
>
> Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.    **Reserved.**

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about April 11, 2018 in the principal amount of $175,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on April 11, 2018, as Grantor, and Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990, as Beneficiary, dated April 11, 2018 and recorded April 12, 2018, Recorder No. 2018-006452, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on April 11, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $175,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

2.3    In addition to the principal amount of $175,000.00, advances have been made on the Promissory Note in the total amount of $5,000.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990 are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $10,500.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.      **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1      Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2      The Promissory Note became due and payable on March 12, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.      **Reserved**.

6.      **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.      **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.      **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.      **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.      **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

DocuSign Envelope ID: 41D7942B-711A-412A-9F79-089AC5FDBC93

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

_____
Anthony J. Favreau, Trustee

_____
Cynthia L. Favreau, Trustee

## ASSUMPTION AGREEMENT – 3594L

**DATE:**      March 10, 2021

**PARTIES**:

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                                ("Lender")

Oregon JV LLC, a New York limited liability company              ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about September 26, 2018 in the principal amount of $185,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on September 26, 2018, as Grantor, and Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990, as Beneficiary, dated September 26, 2018 and recorded September 27, 2018, Recorder No. 2018-015759, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: 41D7942B-711A-412A-9F79-089AC5FDBC93

1.3    A Construction Reserve Agreement executed by Joseph Russi on September 26, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $66,650.65.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990 are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $3,999.04, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

      4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

      4.2    The Promissory Note became due and payable on August 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

      5.    **Reserved**.

      6.    **Nonwaiver**.  New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

      7.    **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

      8.    **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

      9.    **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

      10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member


**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

Anthony J. Favreau, Trustee

Cynthia L. Favreau, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3594L

**DATE:**        October 1, 2021

**PARTIES**:

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                      ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    No permits have been received on bare lots that were assumed by Oregon JV LLC at this time due to the timing issues occurring on the delivery of the permits on existing homes under construction being transferred to Stone Creek Building and Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from the execution date of this addendum to the assumption agreement. The agreement to satisfy this loan is contingent on any Douglas County title company providing title insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has agreed to provide Certificate of Occupancy on the property within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

_____
Anthony J. Favreau, Trustee

_____
Cynthia L. Favreau, Trustee

ASSUMPTION AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3599L

**DATE:**        March 10, 2021

**PARTIES**:

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                                                    ("Lender")

Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

A.        Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.        **Reserved.**

C.        Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.        It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.        **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about September 26, 2018 in the principal amount of $200,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on September 26, 2018, as Grantor, and Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990, as Beneficiary, dated September 26, 2018 and recorded September 27, 2018, Recorder No. 2018-015769, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on September 26, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $200,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990 are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $12,000.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4     If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on August 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.   **Entire Agreement**.   This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member


**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

*Anthony Favreau*
_____
Anthony J. Favreau, Trustee

*Cynthia Favreau*
_____
Cynthia L. Favreau, Trustee

**ASSUMPTION AGREEMENT ADDENDUM – 3599L**

**DATE:**       October 1, 2021

**PARTIES**:

    Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                ("Lender")

    Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 19, 2021 and the Certificate of Occupancy must be provided to Lender by January 19, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due

DocuSign Envelope ID: 2D4ACE4B-7869-40C1-A37G-G06A5FDF6CFC

on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.


The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.


**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company


_____    11/16/2021
Menachem Silber, Member



**LENDER:**


Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

_____
Anthony J. Favreau, Trustee

_____
Cynthia L. Favreau, Trustee


Assumption Agreement - 4

## ASSUMPTION AGREEMENT – 3666L

**DATE:**       March 10, 2021

**PARTIES**:

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                                    ("Lender")

Oregon JV LLC, a New York limited liability company              ("New Borrower")

**RECITALS**:

A.     Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.     **Reserved.**

C.     Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.     It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.     **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about January 7, 2019 in the principal amount of $190,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on January 7, 2019, as Grantor, and Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990, as Beneficiary, dated January 7, 2019 and recorded January 7, 2019, Recorder No. 2018-000262, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: 41D7942B-711A-412A-9F79-089AC5FDBC93

1.3    A Construction Reserve Agreement executed by Joseph Russi on January 7, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $190,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $38,840.83.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990 are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,400.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on December 4, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company


_____
Menachem Silber, Member

**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990


_____
Anthony J. Favreau, Trustee


_____
Cynthia L. Favreau, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3666L

**DATE:**        October 1, 2021

**PARTIES**:

>       Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                ("Lender")

>       Oregon JV LLC, a New York limited liability company            ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

>       3.3     The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

>       3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

>       3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

>       4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

_____
Anthony J. Favreau, Trustee

_____
Cynthia L. Favreau, Trustee

ASSUMPTION AGREEMENT - 6

## ASSUMPTION AGREEMENT – 3667L

**DATE:**        March 10, 2021

**PARTIES**:

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                                ("Lender")

Oregon JV LLC, a New York limited liability company            ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about January 7, 2019 in the principal amount of $190,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on January 7, 2019, as Grantor, and Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990, as Beneficiary, dated January 7, 2019 and recorded January 7, 2019, Recorder No. 2019-000260, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on January 7, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $190,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $24,595.84.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990 are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,400.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on December 4, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

Anthony Favreau

Anthony J. Favreau, Trustee

Cynthia Favreau

Cynthia L. Favreau, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3667L

**DATE:**      October 1, 2021

**PARTIES**:

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990                                                  ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3     The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

      4.2   If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Anthony J. Favreau and Cynthia L. Favreau, Trustees of the Favreau Family Trust - 1990

_____
Anthony J. Favreau, Trustee

_____
Cynthia L. Favreau, Trustee

## ASSUMPTION AGREEMENT – 3669L

**DATE:**        March 10, 2021

**PARTIES**:

>       J & D OR Properties, LLC an Oregon limited liability company            ("Lender")

>       Oregon JV LLC, a New York limited liability company           ("New Borrower")

**RECITALS**:

>       A.       Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

>       B.       Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

>       C.       Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

>       D.       It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

>       **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

>       1.       **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

>       1.1     The Promissory Note executed by Joseph Russi on or about January 10, 2019 in the principal amount of $225,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

>       1.2     The Trust Deed executed by Joseph Russi on January 10, 2019, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated January 10, 2019 and recorded January 11, 2019, Recorder No. 2019-000536, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed recorded January 11, 2019, Recorder No. 2019-000541, Official Records of Douglas County, Oregon.  A copy

DocuSign Envelope ID: F6B91405-2531-4E61-ABA6-05DA4E4D759D

of the Trust Deed and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on January 10, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $225,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

2.3    In addition to the principal amount of $225,000.00, advances have been made on the Promissory Note in the total amount of $1,009.44.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which J & D OR Properties, LLC an Oregon limited liability company is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $13,500.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per

annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on December 11, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.   In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.** Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///
///

DocuSign Envelope ID: F6B91405-2531-4E61-ABA6-05DA4E4D759D

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member


**LENDER:**

J & D OR Properties, LLC an Oregon limited liability company

_____
John W. Lusk, Member


_____
Deborah K. Lusk, Member

**ASSUMPTION AGREEMENT ADDENDUM – 3669L**

**DATE:**        October 1, 2021

**PARTIES**:

J & D OR Properties, LLC an Oregon limited liability company        ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 6, 2021 and the Certificate of Occupancy must be provided to Lender by January 6, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

                                      11/16/2021

Menachem Silber, Member

**LENDER:**

J & D OR Properties, LLC an Oregon limited liability company

John W. Lusk, Member

Deborah K. Lusk, Member

## ASSUMPTION AGREEMENT - 3541

**DATE:**      March 10, 2021

**PARTIES**:

Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises     ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

A.     Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.     **Reserved.**

C.     Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.     It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.     **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1     The Promissory Note executed by Joseph Russi on or about July 12, 2018 in the principal amount of $153,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2     The Trust Deed executed by Joseph Russi on July 12, 2018, as Grantor, and Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises, as Beneficiary, dated July 12, 2018 and recorded July 18, 2018, Recorder No. 2018-011906, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: 8857CE6F-3C19-4250-8B58-C1D95796D3ED

1.3    A Construction Reserve Agreement executed by Joseph Russi on July 12, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $153,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

2.3    In addition to the principal amount of $153,000.00, advances have been made on the Promissory Note in the total amount of $10,590.80.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $9,180.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on June 13, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.   **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises

*Joanna Nasset*
_____
Joanna Nasset, Trustee

*Steven Nasset*
_____
Steven Nasset, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3541L

**DATE:**       October 1, 2021

**PARTIES**:

    Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises      ("Lender")

    Oregon JV LLC, a New York limited liability company              ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3      Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 21, 2021 and the Certificate of Occupancy must be provided to Lender by January 21, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4       If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5      New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1      Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____  11/16/2021
Menachem Silber, Member

**LENDER:**

Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises

_____
Joanna Nasset, Trustee

## ASSUMPTION AGREEMENT - 3542

**DATE:**        March 10, 2021

**PARTIES**:

Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.    **Reserved.**

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about July 12, 2018 in the principal amount of $153,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on July 12, 2018, as Grantor, and Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises, as Beneficiary, dated July 12, 2018 and recorded July 18, 2018, Recorder No. 2018-011899, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: 8857CE6F-3C19-4250-8B58-C1D95796D3ED

1.3    A Construction Reserve Agreement executed by Joseph Russi on July 12, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $153,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

2.3    In addition to the principal amount of $153,000.00, advances have been made on the Promissory Note in the total amount of $9,998.39.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $9,180.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on June 13, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

Exhibit A
Page 135 of 272

11.    **Entire Agreement**.   This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member


**LENDER:**

Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises

_Joanna Nasset_
_____
Joanna Nasset, Trustee

_Steven Nasset_
_____
Steven Nasset, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3542L

**DATE:**        October 1, 2021

**PARTIES**:

    Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises      ("Lender")

    Oregon JV LLC, a New York limited liability company              ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3    The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Joanna Nasset and Steven Nasset, Trustees of the J&S Enterprises

_____
Steven Nasset, Trustee

**ASSUMPTION AGREEMENT - 2**

## ASSUMPTION AGREEMENT - 3723L

**DATE:**      March 10, 2021

**PARTIES**:

John M. Compton and Betty Compton                                    ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**   The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1     The Promissory Note executed by Joseph Russi on or about April 17, 2019 in the principal amount of $185,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2     The Trust Deed executed by Joseph Russi on April 17, 2019, as Grantor, and John M. Compton and Betty Compton, as Beneficiary, dated April 17, 2019 and recorded April 18, 2019, Recorder No. 2019-006222, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on April 17, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $185,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $19,774.28.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which John M. Compton and Betty Compton are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,100.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

DocuSign Envelope ID: 3F55575F-9952-4CB6-8BFC-9E606F041B31

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

    4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives six months of accumulated interest, late fees and penalties from September 1, 2020 to March 1, 2021, the remaining interest due from March 1, 2020 through September 1, 2020 will attach to the principal balance and be due upon sale; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

    4.2    The Promissory Note will become due and payable on March 16, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

    5.    **Reserved**.

    6.    **Nonwaiver**.  New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

    7.    **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

    8.    **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

    9.    **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

    10.    **Electronic or Facsimile Signatures.** Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11. **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

_____
John M. Compton

_____
Betty Compton

## ASSUMPTION AGREEMENT ADDENDUM – 3723L

**DATE:** October 1, 2021

### PARTIES

John M. Compton and Betty Compton ("Lender")

Oregon JV LLC, a New York limited liability company ("New Borrower")

*The following recitals have been amended as follows:*

### RECITALS

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3   Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 17, 2021 and the Certificate of Occupancy must be provided to Lender by February 17, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4   If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5   New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1   Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

ASSUMPTION AGREEMENT - 1

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2   If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____   11/16/2021
Menachem Silber, Member

**LENDER:**

_____
John M. Compton

_____
Betty Compton

ADDENDUM AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3652L

**DATE:**        March 10, 2021

**PARTIES**:

Jonny B. Watson                                                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.    **Reserved.**

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about December 19, 2018 in the principal amount of $235,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on December 19, 2018, as Grantor, and Jonny B. Watson, as Beneficiary, dated December 19, 2018 and recorded December 20, 2018, Recorder No. 2018-019997, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on December 19, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $235,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $14,270.74.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Jonny B. Watson is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $14,100.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on November 21, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

Jonny Watson

Jonny B. Watson

DocuSign Envelope ID: 2D4ACE4B-7869-40C1-A37G-G06A5FDF6CFC

## ASSUMPTION AGREEMENT ADDENDUM – 3652L

**DATE:**          October 1, 2021

**PARTIES**:

>     Jonny B. Watson                                                        ("Lender")

>     Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3    The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Jonny B. Watson

## ASSUMPTION AGREEMENT – 3724L

**DATE:**      March 10, 2021

**PARTIES**:

Kurt D. Connell and Erin Ronnie Connell                    ("Lender")

Oregon JV LLC, a New York limited liability company      ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1      The Promissory Note executed by Joseph Russi on or about April 17, 2019 in the principal amount of $190,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2      The Trust Deed executed by Joseph Russi on April 17, 2019, as Grantor, and Kurt D. Connell and Erin Ronnie Connell, as Beneficiary, dated April 17, 2019 and recorded April 18, 2019, Recorder No. 2019-006223, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: 47A5E465-2411-4833-8F8B-58964FEB616C

1.3    A Construction Reserve Agreement executed by Joseph Russi on April 17, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $190,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $4,086.38.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Kurt D. Connell and Erin Ronnie Connell are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,400.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note will become due and payable on March 16, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company


_____
Menachem Silber, Member

**LENDER:**

*kurt D. Connell*
_____
Kurt D. Connell

*Erin Ronnie Connell*
_____
Erin Ronnie Connell

## ASSUMPTION AGREEMENT ADDENDUM – 3724L

**DATE:**        October 1, 2021

**PARTIES**:

> Kurt D. Connell and Erin Ronnie Connell                    ("Lender")
>
> Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

> 3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 17, 2021 and the Certificate of Occupancy must be provided to Lender by February 17, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

> 3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

> 3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

> 4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2   If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____ 11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Kurt D. Connell

_____
Erin Ronnie Connell

ASSUMPTION AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3701L

**DATE:**       March 10, 2021

**PARTIES**:

Margaret J. Brown Olson, Trustee of the Margaret J. Brown Olson Trust, dated 12/3/2004                                                                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      **Reserved.**

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about March 19, 2019 in the principal amount of $145,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on March 19, 2019, as Grantor, and Margaret J. Brown Olson, Trustee of the Margaret J. Brown Olson Trust, dated 12/3/2004, as Beneficiary, dated March 19, 2019 and recorded March 20, 2019, Recorder No. 2019-004879, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on March 19, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $145,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $1,834.35.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Margaret J. Brown Olson, Trustee of the Margaret J. Brown Olson Trust, dated 12/3/2004 is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $8,700.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on February 19, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.    This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



---

Menachem Silber, Member

**LENDER:**

Margaret J. Brown Olson, Trustee of the Margaret J. Brown Olson Trust, dated 12/3/2004

*Margaret J. Brown Olson*

---

Margaret J. Brown Olson, Trustee

## ASSUMPTION AGREEMENT ADDENDUM – 3701L

**DATE:**        October 1, 2021

**PARTIES**:

Margaret J. Brown Olson, Trustee of the Margaret J. Brown Olson Trust, dated 12/3/2004                                                                ("Lender")

Oregon JV LLC, a New York limited liability company            ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

ASSUMPTION AGREEMENT - 1

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

  4.2 If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

         11/16/2021

Menachem Silber, Member

**LENDER:**

Margaret J. Brown Olson, Trustee of the Margaret J. Brown Olson Trust, dated 12/3/2004

*Margaret J. Brown Olson*

Margaret J. Brown Olson, Trustee

ASSUMPTION AGREEMENT - 2

**ASSUMPTION AGREEMENT – 3651L**

**DATE:**     March 10, 2021

**PARTIES**:

Margie Nemcik-Cruz                                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.     Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.     **Reserved.**

C.     Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.     It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.     **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1     The Promissory Note executed by Joseph Russi on or about December 19, 2018 in the principal amount of $250,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2     The Trust Deed executed by Joseph Russi on December 19, 2018, as Grantor, and Margie Nemcik-Cruz, as Beneficiary, dated December 19, 2018 and recorded December 20, 2018, Recorder No. 2018-020003, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on December 19, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $83,650.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Margie Nemcik-Cruz is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $5,019.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on November 21, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.   In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11. **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company


_____
Menachem Silber, Member

**LENDER:**


_____
Margie Nemcik-Cruz

## ASSUMPTION AGREEMENT ADDENDUM – 3651L

**DATE:**        October 1, 2021

**PARTIES**:

   Margie Nemcik-Cruz                                              ("Lender")

   Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

   3.3    No permits have been received on bare lots that were assumed by Oregon JV LLC at this time due to the timing issues occurring on the delivery of the permits on existing homes under construction being transferred to Stone Creek Building and Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from the execution date of this addendum to the assumption agreement. The agreement to satisfy this loan is contingent on any Douglas County title company providing title insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has agreed to provide Certificate of Occupancy on the property within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

   3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

   3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

11/16/2021
_____
Menachem Silber, Member

**LENDER:**

_____
Margie Nemcik-Cruz

## ASSUMPTION AGREEMENT – 3637L

**DATE:**       March 10, 2021

**PARTIES**:

    Margie Nemcik-Cruz                                                                ("Lender")

    Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

    A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

    B.      **Reserved.**

    C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

    D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

    **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

    1.      **Documents.**   The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

    1.1     The Promissory Note executed by Joseph Russi on or about November 20, 2018 in the principal amount of $180,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

    1.2     The Trust Deed executed by Joseph Russi on November 20, 2018, as Grantor, and Margie Nemcik-Cruz, as Beneficiary, dated November 20, 2018 and recorded November 21, 2018, Recorder No. 2018-018625, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: 41FBC532-0DF2-43A8-BFS9-G224F56A8591

1.3   A Construction Reserve Agreement executed by Joseph Russi on November 20, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.   **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1   The balance due on the Promissory Note is the principal amount of $180,000.00.

2.2   The remaining amount to be disbursed from the construction reserve is $16,309.81.

3.   **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1   The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Margie Nemcik-Cruz is in first priority position will be conveyed to Oregon JV LLC.

3.2   Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $10,800.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3   Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4   If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5   If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.   **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

DocuSign Envelope ID: 41FBC532-0DF2-43A8-BFC9-C224F56A8591

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on October 21, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

DocuSign Envelope ID: 41FBC532-0DF3-43A8-B5C9-C224F56A8591

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

_____
Margie Nemcik-Cruz

## ASSUMPTION AGREEMENT ADDENDUM – 3637L

**DATE:**        October 1, 2021

**PARTIES**:

> Margie Nemcik-Cruz                                              ("Lender")

> Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

> 3.3     Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on September 8, 2021 and the Certificate of Occupancy must be provided to Lender by May 8, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

> 3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

> 3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

> 4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

11/16/2021

Menachem Silber, Member

**LENDER:**

Margie Nemcik-Cruz

## ASSUMPTION AGREEMENT – 3634L

**DATE:**        March 10, 2021

**PARTIES**:

      Mark Allen Ditgen and Linda Carol Ditgen                    ("Lender")

      Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

      A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

      B.    **Reserved.**

      C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

      D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

      **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

      1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

      1.1    The Promissory Note executed by Joseph Russi on or about November 20, 2018 in the principal amount of $195,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

      1.2    The Trust Deed executed by Joseph Russi on November 20, 2018, as Grantor, and Mark Allen Ditgen and Linda Carol Ditgen, as Beneficiary, dated November 20, 2018 and recorded November 21, 2018, Recorder No. 2018-018624, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on November 20, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $195,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $5,599.86.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Mark Allen Ditgen and Linda Carol Ditgen are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,700.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on October 21, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

_____
Mark Allen Ditgen

_____
Linda Carol Ditgen

## ASSUMPTION AGREEMENT ADDENDUM – 3634L

**DATE:**        October 1, 2021

**PARTIES**:

Mark Allen Ditgen and Linda Carol Ditgen                           ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company


_____   11/16/2021
Menachem Silber, Member


**LENDER:**


_____
Mark Allen Ditgen


_____
Linda Carol Ditgen

## ASSUMPTION AGREEMENT – 3671L

**DATE:**      March 10, 2021

**PARTIES**:

  Matthew David Freedman Revocable Trust, dated July 16, 2007          ("Lender")

  Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

  A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

  B.    **Reserved.**

  C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

  D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

  **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

  1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

  1.1    The Promissory Note executed by Joseph Russi on or about January 10, 2019 in the principal amount of $230,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

  1.2    The Trust Deed executed by Joseph Russi on January 10, 2019, as Grantor, and Matthew David Freedman Revocable Trust, dated July 16, 2007, as Beneficiary, dated January 10, 2019 and recorded January 11, 2019, Recorder No. 2019-000540, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: E74C53E4-BBE6-4D77-9559-5D5926D0E9BC

1.3     A Construction Reserve Agreement executed by Joseph Russi on January 10, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.     **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1     The balance due on the Promissory Note is the principal amount of $230,000.00.

2.2     The remaining amount to be disbursed from the construction reserve is $14,493.52.

3.     **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1     The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Matthew David Freedman Revocable Trust, dated July 16, 2007 is in first priority position will be conveyed to Oregon JV LLC.

3.2     Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $13,800.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3     Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4     If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5     If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.     **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

     4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

     4.2    The Promissory Note became due and payable on December 11, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

     5.    **Reserved**.

     6.    **Nonwaiver**.  New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

     7.    **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

     8.    **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

     9.    **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

     10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

Matthew David Freedman Revocable Trust, dated July 16, 2007

*Matt Freedman*
_____
Matthew David Freedman, Trustee

**ASSUMPTION AGREEMENT ADDENDUM – 3671L**

**DATE:**       October 1, 2021

**PARTIES**:

Matthew David Freedman Revocable Trust, dated July 16, 2007        ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 17, 2021 and the Certificate of Occupancy must be provided to Lender by February 17, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

      4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

                          11/16/2021

Menachem Silber, Member

**LENDER:**

Matthew David Freedman Revocable Trust, dated July 16, 2007

Matthew David Freedman, Trustee

ASSUMPTION AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3658L

**DATE:**        March 10, 2021

**PARTIES**:

    Michael A. Welt                                                                ("Lender")

    Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

    A.        Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

    B.        **Reserved.**

    C.        Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

    D.        It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

    **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

    1.        **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

    1.1    The Promissory Note executed by Joseph Russi on or about December 26, 2018 in the principal amount of $195,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

    1.2    The Trust Deed executed by Joseph Russi on December 26, 2018, as Grantor, and Michael A. Welt, as Beneficiary, dated December 26, 2018 and recorded December 31, 2018, Recorder No. 2018-020422, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on December 26, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $225,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $11,176.17.

2.3    In addition to the principal amount of $195,000.00, advances have been made on the Promissory Note in the total amount of $30,111.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Michael A. Welt is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $13,500.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the

DocuSign Envelope ID: 94C45A19-47D3-441D-A585-F0G53DA897A5

assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on November 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.   This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

_____
Michael A. Welt

## ASSUMPTION AGREEMENT ADDENDUM – 3658L

**DATE:**        October 1, 2021

**PARTIES**:

   Michael A. Welt                                    ("Lender")

   Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

   3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 6, 2021 and the Certificate of Occupancy must be provided to Lender by January 6, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

   3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

   3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

   4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Michael A. Welt

## ASSUMPTION AGREEMENT – 3692L

**DATE:**        March 10, 2021

**PARTIES**:

    Michael A. Welt                                                    ("Lender")

    Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

    A.        Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

    B.        Gary A. Davisson and Linda L. Davisson assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

    C.        Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

    D.        It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

    **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

    1.        **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

    1.1        The Promissory Note executed by Joseph Russi on or about March 13, 2019 in the principal amount of $145,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

    1.2        The Trust Deed executed by Joseph Russi on March 13, 2019, as Grantor, and, Gary A. Davisson and Linda L. Davisson as Beneficiary, dated March 13, 2019 and recorded March 14, 2019, Recorder No. 2019-004562, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned to Michael A. Welt by an Assignment of Beneficiary's Interest in Trust Deed recorded January 13, 2021, Recorder No. 2021-000620, Official Records of Douglas County, Oregon.  A copy of the

Trust Deed and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on March 13, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $145,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $256.58.

2.3    In addition to the principal amount of $145,000.00, advances have been made on the Promissory Note in the total amount of $19,893.97.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Gary A. Davisson and Linda L. Davisson is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $8,700.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.      **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on February 15, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.      **Reserved**.

6.      **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.      **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.      **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.      **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

_____
Michael A. Welt

## ASSUMPTION AGREEMENT ADDENDUM – 3692L

**DATE:**       October 1, 2021

**PARTIES**:

Michael A. Welt                                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

                                        11/16/2021

Menachem Silber, Member

**LENDER:**

Michael A. Welt

Michael A. Welt

## ASSUMPTION AGREEMENT -3653L

**DATE:**       March 10, 2021

**PARTIES**:

> Rex D. Ballenger and Bonnie L. Ballenger                    ("Lender")

> Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

 A. Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

 B. **Reserved.**

 C. Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

 D. It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

 **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

 1. **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

 1.1 The Promissory Note executed by Joseph Russi on or about December 19, 2018 in the principal amount of $240,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

 1.2 The Trust Deed executed by Joseph Russi on December 19, 2018, as Grantor, and Rex D. Ballenger and Bonnie L. Ballenger, as Beneficiary, dated December 19, 2018 and recorded December 20, 2018, Recorder No. 2018-019995, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on December 19, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $240,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $99,325.90.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Rex D. Ballenger and Bonnie L. Ballenger are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $14,400.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

DocuSign Envelope ID: 94B26ED3-B773-4CD1-953139EA3C1231B3B

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1 Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2 The Promissory Note became due and payable on November 21, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5. **Reserved**.

6. **Nonwaiver**. New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7. **Attorney Fees**. In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8. **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9. **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10. **Electronic or Facsimile Signatures.** Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.    This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member


**LENDER:**

_____
Rex D. Ballenger

_____
Bonnie L. Ballenger

**ASSUMPTION AGREEMENT – 3660L**

**DATE:**        March 10, 2021

**PARTIES**:

RH Ventures, LLC, an Oregon limited liability company               ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

A.        Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.        Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

C.        Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.        It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.        **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1        The Promissory Note executed by Joseph Russi on or about December 26, 2018 in the principal amount of $220,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2        The Trust Deed executed by Joseph Russi on December 26, 2018, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated December 26, 2018 and recorded December 31, 2018, Recorder No. 2018-020426, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed recorded December 31, 2018, Recorder No. 2018-020430, Official Records of Douglas County,

Oregon.  A copy of the Trust Deed and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

     1.3    A Construction Reserve Agreement executed by Joseph Russi on December 26, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

     2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

     2.1    The balance due on the Promissory Note is the principal amount of $220,000.00.

     2.2    The remaining amount to be disbursed from the construction reserve is $40,091.38.

     3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

     3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which RH Ventures, LLC, an Oregon limited liability company is in first priority position will be conveyed to Oregon JV LLC.

     3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $13,200.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

     3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

     3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

     3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

     4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the

DocuSign Envelope ID: 59A392A2-E23B-4045-B40F-21D3D2AE5B66

assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on November 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.      **Reserved**.

6.      **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.      **Attorney Fees**.   In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.      **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.      **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company


_____

Menachem Silber, Member



**LENDER:**

RH Ventures, LLC, an Oregon limited liability company

*Rob Young*
_____

Robert L. Young, Manager

## ASSUMPTION AGREEMENT ADDENDUM – 3660L

**DATE:**        October 1, 2021

**PARTIES**:

      RH Ventures, LLC, an Oregon limited liability company              ("Lender")

      Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

      3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 17, 2021 and the Certificate of Occupancy must be provided to Lender by February 17, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

      3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

      3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 3.6 has been added to the assumption agreement in its entirety by the following.

      3.6    New Borrower agrees to have siding completely installed on the home covered by the Promissory Note and Trust deed in section 1.1 and 1.2 of the assumption agreement. The siding shall be completely installed no later than November 30, 2021 otherwise this agreement is void.

ASSUMPTION AGREEMENT - 1

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

11/16/2021

Menachem Silber, Member

**LENDER:**

RH Ventures, LLC, an Oregon limited liability company

Robert L. Young, Manager

Exhibit A
Page 208 of 272

## ASSUMPTION AGREEMENT – 3590L

**DATE:**      March 10, 2021

**PARTIES**:

      Robbin Denise Freedman, Trustee, of the Robbin Denise Freedman Revocable Living Trust, dated November 12, 2010                        ("Lender")

      Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

      A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

      B.    **Reserved.**

      C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

      D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

      **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

      1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

      1.1    The Promissory Note executed by Joseph Russi on or about September 18, 2018 in the principal amount of $245,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

      1.2    The Trust Deed executed by Joseph Russi on September 18, 2018, as Grantor, and Robbin Denise Freedman, Trustee, of the Robbin Denise Freedman Revocable Living Trust, dated November 12, 2010, as Beneficiary, dated September 18, 2018 and recorded September 19, 2018, Recorder No. 2018-015324, Official Records of Douglas County, Oregon.  A copy of the Trust is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: FAA137D7-2441-4689-8E93-29FE49E551B2

1.3    A Construction Reserve Agreement executed by Joseph Russi on September 18, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $282,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $42,042.00.

2.3    In addition to the principal amount of $282,000.00, advances have been made on the Promissory Note in the total amount of $37,111.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Robbin Denise Freedman, Trustee, of the Robbin Denise Freedman Revocable Living Trust, dated November 12, 2010 is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $16,920.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.      **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note became due and payable on August 18, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.      **Reserved**.

6.      **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.      **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.      **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.      **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.     **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

Robbin Denise Freedman, Trustee, of the Robbin Denise Freedman Revocable Living Trust, dated November 12, 2010

_____
Robbin Denise Freedman

## ASSUMPTION AGREEMENT ADDENDUM – 3590L

**DATE:**        October 1, 2021

**PARTIES**:

Robbin Denise Freedman, Trustee, of the Robbin Denise Freedman Revocable Living Trust, dated November 12, 2010                                  ("Lender")

Oregon JV LLC, a New York limited liability company               ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    The transfer of the existing permit from Mid Oregon Builders to Stone Creek Building and Construction, LLC is currently pending and has not yet been issued. New Borrower agrees to provide certificate of occupancy within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

     4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Robbin Denise Freedman, Trustee, of the Robbin Denise Freedman Revocable Living Trust, dated November 12, 2010

_____
Robbin Denise Freedman

## ASSUMPTION AGREEMENT – 3659L

**DATE:**       March 10, 2021

**PARTIES**:

    Robert A. Zoller and Diana Greene                                    ("Lender")

    Oregon JV LLC, a New York limited liability company          ("New Borrower")

**RECITALS**:

    A.       Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

    B.       **Reserved.**

    C.       Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

    D.       It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

    **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

    1.       **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

    1.1     The Promissory Note executed by Joseph Russi on or about December 26, 2018 in the principal amount of $195,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

    1.2     The Trust Deed executed by Joseph Russi on December 26, 2018, as Grantor, and Robert A. Zoller and Diana Greene, as Beneficiary, dated December 26, 2018 and recorded December 31, 2018, Recorder No. 2018-020403, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: BAC6B6FB-347E-420F-88B4-612E958E1FEE

1.3     A Construction Reserve Agreement executed by Joseph Russi on December 26, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.     **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1     The balance due on the Promissory Note is the principal amount of $195,000.00.

2.2     The remaining amount to be disbursed from the construction reserve is $0.00.

2.3     In addition to the principal amount of $195,000.00, advances have been made on the Promissory Note in the total amount of $4,852.00.

3.     **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1     The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Robert A. Zoller and Diana Greene are in first priority position will be conveyed to Oregon JV LLC.

3.2     Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,700.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3     Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4      If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5     If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.     **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the

DocuSign Envelope ID: BAC6B6FB-347E-420E-98B4-612E958E1FEE

assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1   Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2   The Promissory Note became due and payable on November 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.   **Reserved**.

6.   **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.   **Attorney Fees**.   In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.   **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.   **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.   **Electronic or Facsimile Signatures.** Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

*Robert A. Zoller*
_____
Robert A. Zoller

_____
Diana Greene

## ASSUMPTION AGREEMENT ADDENDUM – 3659L

**DATE:**       October 1, 2021

**PARTIES**:

        Robert A. Zoller and Diana Greene                    ("Lender")

        Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

        3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 6, 2021 and the Certificate of Occupancy must be provided to Lender by January 6, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

        3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

        3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

        4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

      4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Robert A. Zoller

## ASSUMPTION AGREEMENT – 3596L

**DATE:**     March 10, 2021

**PARTIES**:

Robert Bayman and Delores Bayman, Trustees or their Successors in Trust, under the Robert and Delores Bayman Revocable Living Trust Dated March 27, 2002, and any amendments thereto                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.     Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.     **Reserved.**

C.     Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.     It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.     **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1     The Promissory Note executed by Joseph Russi on or about September 26, 2018 in the principal amount of $185,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2     The Trust Deed executed by Joseph Russi on September 26, 2018, as Grantor, and Robert Bayman and Delores Bayman, Trustees or their Successors in Trust, under the Robert and Delores Bayman Revocable Living Trust Dated March 27, 2002, and any amendments thereto, as Beneficiary, dated September 26, 2018 and recorded September 27, 2018, Recorder No. 2018-015765, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference

incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on September 26, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $28,889.83.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Robert Bayman and Delores Bayman, Trustees or their Successors in Trust, under the Robert and Delores Bayman Revocable Living Trust Dated March 27, 2002, and any amendments thereto are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $1,733.39, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

DocuSign Envelope ID: 55B64DE8-E8E9-4D73-B66G-G9ACF4C1AD1C

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on August 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

Robert Bayman and Delores Bayman, Trustees or their Successors in Trust, under the Robert and Delores Bayman Revocable Living Trust Dated March 27, 2002, and any amendments thereto



Robert Bayman, Trustee



Delores Bayman, Trustee

**ASSUMPTION AGREEMENT ADDENDUM – 3596L**

**DATE:**          October 1, 2021

**PARTIES**:

      Robert Bayman and Delores Bayman, Trustees or their Successors in Trust, under the Robert and Delores Bayman Revocable Living Trust Dated March 27, 2002, and any amendments thereto                                               ("Lender")

      Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

      3.3      No permits have been received on bare lots that were assumed by Oregon JV LLC at this time due to the timing issues occurring on the delivery of the permits on existing homes under construction being transferred to Stone Creek Building and Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from the execution date of this addendum to the assumption agreement. The agreement to satisfy this loan is contingent on any Douglas County title company providing title insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has agreed to provide Certificate of Occupancy on the property within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

      3.4      If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

      3.5      New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021

Menachem Silber, Member

**LENDER:**

Robert Bayman and Delores Bayman, Trustees or their Successors in Trust, under the Robert and Delores Bayman Revocable Living Trust Dated March 27, 2002, and any amendments thereto

_____

Robert Bayman, Trustee

_____

Delores Bayman, Trustee

ASSUMPTION AGREEMENT - **2**

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

## ASSUMPTION AGREEMENT – 3595L

**DATE:**    March 10, 2021

**PARTIES**:

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust                                                          ("Lender")

Oregon JV LLC, a New York limited liability company              ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.    **Reserved.**

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about September 26, 2018 in the principal amount of $185,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on September 26, 2018, as Grantor, and Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust, as Beneficiary, dated September 26, 2018 and recorded September 27, 2018, Recorder No. 2018-015761, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3    A Construction Reserve Agreement executed by Joseph Russi on September 26, 2018. A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**. The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $61,676.40.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.** New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $3,700.58, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

ASSUMPTION AGREEMENT - 2

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on August 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

ASSUMPTION AGREEMENT - 3

11. **Entire Agreement**. This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust

_____
Michael J. Silvis

ASSUMPTION AGREEMENT - 4

## ASSUMPTION AGREEMENT ADDENDUM – 3595L

**DATE:**     October 1, 2021

**PARTIES**:

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family
Revocable Trust                                                    ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    No permits have been received on bare lots that were assumed by Oregon
JV LLC at this time due to the timing issues occurring on the delivery of the permits on
existing homes under construction being transferred to Stone Creek Building and
Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from
the execution date of this addendum to the assumption agreement. The agreement to
satisfy this loan is contingent on any Douglas County title company providing title
insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has
agreed to provide Certificate of Occupancy on the property within eight months of October
1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe
described in section 3.3, New Borrower agrees to pay an additional six months of interest
which shall be applied to accumulated interest during the period from March 1, 2020 to
March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per
annum paid monthly on the principal amount referenced in Section 2.1 above, payments
shall be due on the first day of each month starting October 1, 2021, until paid in full. If
any monthly payment is received more than 30 days past due, the agreement to waive
interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

ASSUMPTION AGREEMENT - 1

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021

Menachem Silber, Member

**LENDER:**

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust

_____

Michael J. Silvis

ASSUMPTION AGREEMENT - 2

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

## ASSUMPTION AGREEMENT – 3598L

**DATE:**    March 10, 2021

**PARTIES**:

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family
Revocable Trust                                                     ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.    Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.    **Reserved.**

C.    Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.    It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.    **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about September 26, 2018 in the principal amount of $180,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on September 26, 2018, as Grantor, and Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust, as Beneficiary, dated September 26, 2018 and recorded September 27, 2018, Recorder No. 2018-015767, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

ASSUMPTION AGREEMENT - 1

1.3    A Construction Reserve Agreement executed by Joseph Russi on September 26, 2018. A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**. The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $72,231.10.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.** New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $4,333.87, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

ASSUMPTION AGREEMENT - 2

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on August 27, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.** Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

ASSUMPTION AGREEMENT - 3

Exhibit A
Page 235 of 272

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member


**LENDER:**

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust


_____
Michael J. Silvis

_____


**ASSUMPTION AGREEMENT - 4**

# ASSUMPTION AGREEMENT ADDENDUM – 3598L

**DATE:**        October 1, 2021

**PARTIES**:

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust                                            ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    No permits have been received on bare lots that were assumed by Oregon JV LLC at this time due to the timing issues occurring on the delivery of the permits on existing homes under construction being transferred to Stone Creek Building and Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from the execution date of this addendum to the assumption agreement. The agreement to satisfy this loan is contingent on any Douglas County title company providing title insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has agreed to provide Certificate of Occupancy on the property within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4    If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

ASSUMPTION AGREEMENT - 5

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust

_____
Michael J. Silvis

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

## ASSUMPTION AGREEMENT – 3727L

**DATE:**      March 10, 2021

**PARTIES**:

 Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family
Revocable Trust                                                                    ("Lender")

 Oregon JV LLC, a New York limited liability company       ("New Borrower")

**RECITALS**:

 A. Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

 B. **Reserved.**

 C. Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

 D. It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

 **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

 1. **Documents.** The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

 1.1 The Promissory Note executed by Joseph Russi on or about April 17, 2019 in the principal amount of $190,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

 1.2 The Trust Deed executed by Joseph Russi on April 17, 2019, as Grantor, and Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust, as Beneficiary, dated April 17, 2019 and recorded April 18, 2019, Recorder No. 2019-006225, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

ASSUMPTION AGREEMENT - 1

1.3    A Construction Reserve Agreement executed by Joseph Russi on April 17, 2019. A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**. The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $190,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $29,565.00.

3.    **Assumption.** New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust are in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,400.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on

ASSUMPTION AGREEMENT - 2

the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note will become due and payable on March 16, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

ASSUMPTION AGREEMENT - 3

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

## NEW BORROWER:

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

## LENDER:

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust

_____
Michael J. Silvis

ASSUMPTION AGREEMENT - 4

## ASSUMPTION AGREEMENT ADDENDUM – 3727L

**DATE:**        October 1, 2021

**PARTIES**:

    Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust                                        ("Lender")

    Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

    3.3     Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on June 1, 2021 and the Certificate of Occupancy must be provided to Lender by February 1, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

    3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

    3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

    4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

**ASSUMPTION AGREEMENT - 3**

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

Robert Edison Silvis and Michael J. Silvis, Trustees for the Silvis Family Revocable Trust

_____
Michael J. Silvis

**ASSUMPTION AGREEMENT - 4**

## ASSUMPTION AGREEMENT – 3503L

**DATE:**      March 10, 2021

**PARTIES**:

John P. Rude and Christine Ann Sullivan                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.      Oregon Construction Guys, LLC ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.      Oregon Construction Guys, LLC deeded the property to Joseph Russi on September 5, 2019 and assumed the Promissory Note, Trust Deed and Construction Reserve from Oregon Construction Guys, LLC.

C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Oregon Construction Guys, LLC on or about May 3, 2018 in the principal amount of $305,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Oregon Construction Guys, LLC on May 3, 2018, as Grantor, and John P. Rude and Christine Ann Sullivan, as Beneficiary, dated May 3, 2018 and recorded May 4, 2018, Recorder No. 2018-020660, Official Records of Lane County, Oregon.  The Trust Deed was assumed by Joseph Russi on October 8, 2019.  A copy of the Trust Deed and Assumption Agreement are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

1.3     A Construction Reserve Agreement executed by Oregon Construction Guys, LLC on May 3, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

1.4     A Modification of Trust Deed and Notice of Advance Made in the amount of $75,000.00 was executed by Joseph Russi on or about April 20, 2020. The advance made was contributed to the Construction Reserve and disbursed towards construction.

2.     **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1     The current balance due on the Promissory Note is the principal amount of $380,000.00.

2.2     The remaining amount to be disbursed from the construction reserve is $15,740.29.

2.3     In addition to the original principal amount of $305,000.00, advances have been made on the Promissory Note in the total amount of $75,000.00 as mentioned above in section 1.4.

3.     **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed, Construction Reserve Agreement and Modification of Trust Deed attached as Exhibits 1.1, 1.2, 1.3 & 1.4, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1     The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which John P. Rude as to an undivided 265/305th interest and Christine Ann Sullivan as to an undivided 40/305th interest along with the Modification and Notice of Advance is in first priority position will be conveyed to Oregon JV LLC.

3.2     Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $22,800.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3     Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4     If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on April 7, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____
Menachem Silber, Member

**LENDER:**

_____
John P. Rude

_____
Christine Ann Sullivan

## ASSUMPTION AGREEMENT ADDENDUM – 3503L

**DATE:**        October 1, 2021

**PARTIES**:

>   John P. Rude and Christine Ann Sullivan                    ("Lender")

>   Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

>   3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on April 28, 2021 and the Certificate of Occupancy must be provided to Lender by December 28, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

>   3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

>   3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

>   4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
John P. Rude

_____
Christine Ann Sullivan

ASSUMPTION AGREEMENT - 2

**ASSUMPTION AGREEMENT – 3591L**

**DATE:**     March 10, 2021

**PARTIES**:

Schultz Real Estate Investments, LLC, an Oregon limited liability company     ("Lender")

Oregon JV LLC, a New York limited liability company     ("New Borrower")

**RECITALS**:

A.     Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.     Advanced Investment Corp. assigned the Promissory Note and the beneficial interest in the Trust Deed to Lender;

C.     Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.     It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.     **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about September 18, 2018 in the principal amount of $255,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on September 18, 2018, as Grantor, and Advanced Investment Corp., an Oregon corporation, as Beneficiary, dated September 18, 2018 and recorded September 19, 2018, Recorder No. 2018-015327, Official Records of Douglas County, Oregon.  The beneficial interest in the Trust Deed was assigned by an Assignment of Beneficiary's Interest in Trust Deed recorded September 19, 2018, Recorder No. 2018-015331, Official Records of Douglas County, Oregon.  A copy of the Trust Deed and Assignment of Beneficiary's Interest in Trust Deed are attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: 83627537-3A45-4B65-87D4-730C07E56252

1.3    A Construction Reserve Agreement executed by Joseph Russi on September 18, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $274,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $1,285.00.

2.3    In addition to the principal amount of $255,000.00, advances have been made on the Promissory Note in the total amount of $21,361.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Schultz Real Estate Investments, LLC, an Oregon limited liability company is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $16,440.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on August 18, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

Schultz Real Estate Investments, LLC, an Oregon limited liability company

Douglas R. Schultz

Douglas R. Schultz, Manager

**ASSUMPTION AGREEMENT – 3635L**

**DATE:**        March 10, 2021

**PARTIES**:

Stephen F. Duffy                                                ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

A.        Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

B.        **Reserved.**

C.        Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

D.        It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

**NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

1.        **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

1.1    The Promissory Note executed by Joseph Russi on or about November 20, 2018 in the principal amount of $185,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

1.2    The Trust Deed executed by Joseph Russi on November 20, 2018, as Grantor, and Stephen F. Duffy, as Beneficiary, dated November 20, 2018 and recorded November 21, 2018, Recorder No. 2018-018622, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

DocuSign Envelope ID: B79B7D79-6B88-4BA9-AAC5-F9AC411FC75A

1.3    A Construction Reserve Agreement executed by Joseph Russi on November 20, 2018.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $185,000.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Stephen F. Duffy is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $11,100.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4     If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5     If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed

based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2    The Promissory Note became due and payable on October 21, 2020, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.    **Reserved**.

6.    **Nonwaiver**.    New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.    **Attorney Fees**.    In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.    **Further Assurances:**    Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.    **Counterparts.**    This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**    Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



Menachem Silber, Member

**LENDER:**

Stephen F. Duffy

## ASSUMPTION AGREEMENT ADDENDUM – 3635L

**DATE:**        October 1, 2021

**PARTIES**:

Stephen F. Duffy                                                    ("Lender")

Oregon JV LLC, a New York limited liability company          ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    Within eight months of the permit issuance date, New Borrower has agreed to provide certificate of occupancy on the property. The permit on this property was issued on May 21, 2021 and the Certificate of Occupancy must be provided to Lender by January 21, 2022.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more

DocuSign Envelope ID: 2D4ACE4B-7869-40C1-A37G-606A5FDF6CFC

than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Stephen F. Duffy

ASSUMPTION AGREEMENT - 2

## ASSUMPTION AGREEMENT – 3794L

**DATE:**      March 10, 2021

**PARTIES**:

      Stephen F. Duffy                                        ("Lender")

      Oregon JV LLC, a New York limited liability company         ("New Borrower")

**RECITALS**:

      A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

      B.      **Reserved.**

      C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

      D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

      **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

      1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

      1.1      The Promissory Note executed by Joseph Russi on or about August 2, 2019 in the principal amount of $195,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

      1.2      The Trust Deed executed by Joseph Russi on August 2, 2019, as Grantor, and Stephen F. Duffy, as Beneficiary, dated August 2, 2019 and recorded August 5, 2019, Recorder No. 2019-012146, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

      1.3      A Construction Reserve Agreement executed by Joseph Russi on August 2, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

2.    **Balance Due**.  The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $42,236.54.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**  New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Stephen F. Duffy is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $2,534.19, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note will become due and payable on July 2, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.  In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:**  Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.**  This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.**  Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

11.    **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company



_____
Menachem Silber, Member

**LENDER:**

_____
Stephen F. Duffy

**ASSUMPTION AGREEMENT ADDENDUM – 3794L**

**DATE:**        October 1, 2021

**PARTIES**:

Stephen F. Duffy                                                    ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3    No permits have been received on bare lots that were assumed by Oregon JV LLC at this time due to the timing issues occurring on the delivery of the permits on existing homes under construction being transferred to Stone Creek Building and Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from execution date of this addendum to the assumption agreement. The agreement to satisfy this loan is contingent on any Douglas County title company providing title insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has agreed to provide Certificate of Occupancy on the property within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5    New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from

March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

    4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

11/16/2021

Menachem Silber, Member

**LENDER:**

Stephen F. Duffy

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

## ASSUMPTION AGREEMENT – 3788L

**DATE:**      March 10, 2021

**PARTIES**:

    Vic Mitchell                                                    ("Lender")

    Oregon JV LLC, a New York limited liability company        ("New Borrower")

**RECITALS**:

    A.      Joseph Russi ("Original Borrower") previously borrowed money from Lender and such indebtedness is evidenced by Promissory Note, a Construction Reserve Agreement, and payment of the Promissory Note is secured by a Trust Deed, as more particularly described hereafter;

    B.      **Reserved.**

    C.      Joseph Russi desires to convey the property described in the Trust Deed to New Borrower; and

    D.      It is the mutual desire of Lender and New Borrower to enter into this Assumption Agreement on the terms and conditions described herein.

    **NOW, THEREFORE**, in consideration of the foregoing Recitals and the covenants and conditions contained herein be kept and performed, **IT IS AGREED:**

    1.      **Documents.**  The New Borrower acknowledges and agrees that Lender has provided New Borrower with copies of the following documents:

    1.1      The Promissory Note executed by Joseph Russi on or about August 2, 2019 in the principal amount of $142,000.00.  A copy of the Promissory Note is attached hereto as Exhibit 1.1 and by this reference is incorporated herein; and

    1.2      The Trust Deed executed by Joseph Russi on August 2, 2019, as Grantor, and Vic Mitchell, as Beneficiary, dated August 2, 2019 and recorded August 26, 2019, Recorder No. 2019-013323, Official Records of Douglas County, Oregon.  A copy of the Trust Deed is attached hereto as Exhibit 1.2 and by this reference incorporated herein.

    1.3      A Construction Reserve Agreement executed by Joseph Russi on August 2, 2019.  A copy of the Construction Reserve Agreement is attached hereto as Exhibit 1.3 and by this reference incorporated herein.

**ASSUMPTION AGREEMENT - 1**

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

2.    **Balance Due**.   The New Borrower acknowledges and agrees that New Borrower has been informed of the following:

2.1    The balance due on the Promissory Note is the principal amount of $64,650.00.

2.2    The remaining amount to be disbursed from the construction reserve is $0.00.

3.    **Assumption.**   New Borrower does hereby agree to assume and timely perform each of the covenants of the Borrower contained in the Promissory Note, Trust Deed and Construction Reserve Agreement attached as Exhibits 1.1, 1.2 and 1.3, provided, however, Lender hereby acknowledges and agrees that New Borrower shall not be responsible for the performance of any other covenants or agreements of Borrower, whether oral or written, or whether express or implied.

3.1    The property described in the Trust Deed described in paragraph 1.2 (the "Property") and currently owned by Joseph Russi in which Vic Mitchell is in first priority position will be conveyed to Oregon JV LLC.

3.2    Upon execution of this agreement, New Borrower will deliver six months of interest payments in the amount of $3,879.00, which shall be paid to Lender and applied to interest for the months of March 2021 through August 2021.

3.3    Within six months of the execution of this agreement, New Borrower has agreed to provide certificate of occupancy on the property.

3.4    If certificate of occupancy is not delivered to AIC within six months of execution of this agreement, New Borrower agrees to pay an additional six months interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

3.5    If this loan extends past six months from the execution date of this agreement, New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month, until paid in full.

4.    **Consent by Lender**. Lender does hereby consent to the transfer of the property described in the Trust Deed by Original Borrower to New Borrower and to the assumption by New Borrower of the Promissory Note and Trust Deed described in paragraph 1 hereof, and does hereby waive the right to accelerate the balance due on the Promissory Note and Trust Deed as more particularly set forth in the Trust Deed based upon the transfer of the property described in the Trust Deed by Original Borrower to New Borrower.

ASSUMPTION AGREEMENT - 2

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

4.1     Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's agreement noted in paragraph 3.3.

4.2     The Promissory Note will become due and payable on July 2, 2021, both Lender and New Borrower agree to extend the maturity date to March 1, 2022.

5.     **Reserved**.

6.     **Nonwaiver**.   New Borrower acknowledges and agrees that Lender's consent to the transfer by Joseph Russi shall not constitute consent to any further transfer of the property or a waiver of any condition that Lender may impose in connection with any future transfer.

7.     **Attorney Fees**.   In the event suit or action is filed herein to interpret or enforce any term or provision of this Assumption Agreement, the prevailing party shall be entitled to recover its reasonable attorney fees incurred herein.

8.     **Further Assurances:** Each party agrees to execute and deliver such additional documents and to do and perform such other acts and things as the other party may reasonably request, to carry out the intent and accomplish the purposes of this Agreement.

9.     **Counterparts.** This Agreement may be executed in counterparts, each of which will be considered an original and all of which together constitute one and the same Agreement.

10.    **Electronic or Facsimile Signatures.** Electronic or facsimile transmission of any signed original Agreement, and the transmission of any electronic or facsimile transmission, will be the same as delivery of an original.

///

///

///

ASSUMPTION AGREEMENT - 3

DocuSign Envelope ID: E84C4858-83E6-4499-A2B4-BD30AAC952CE

11.     **Entire Agreement**.  This document constitutes the complete agreement between the parties concerning New Borrower's assumption of the Promissory Note and Trust Deed described herein, and supersedes and replaces all prior existing agreements, whether oral or written, relating hereto.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____

Menachem Silber, Member

**LENDER:**

_____

Vic Mitchell

ASSUMPTION AGREEMENT - 4

Exhibit A
Page 270 of 272

## ASSUMPTION AGREEMENT ADDENDUM – 3788L

**DATE:**         October 1, 2021

**PARTIES**:

Vic Mitchell                                                          ("Lender")

Oregon JV LLC, a New York limited liability company        ("New Borrower")

*The following recitals have been amended as follows:*

**RECITALS**:

Section 3.3 has been modified in the entirety to be replaced by the following.

3.3     No permits have been received on bare lots that were assumed by Oregon JV LLC at this time due to the timing issues occurring on the delivery of the permits on existing homes under construction being transferred to Stone Creek Building and Development. Oregon JV, LLC has agreed to satisfy this loan in full within 90 days from the execution date of this addendum to the assumption agreement. The agreement to satisfy this loan is contingent on any Douglas County title company providing title insurance for the refinance. If title insurance cannot be obtained, Oregon JV, LLC has agreed to provide Certificate of Occupancy on the property within eight months of October 1, 2021.

Section 3.4 has been modified in the entirety to be replaced by the following.

3.4     If certificate of occupancy is not delivered to AIC within the timeframe described in section 3.3, New Borrower agrees to pay an additional six months of interest which shall be applied to accumulated interest during the period from March 1, 2020 to March 1, 2021, payable at time of payoff.

Section 3.5 has been modified in the entirety to be replaced by the following.

3.5     New Borrower agrees to make monthly interest in the amount of 12% per annum paid monthly on the principal amount referenced in Section 2.1 above, payments shall be due on the first day of each month starting October 1, 2021, until paid in full. If any monthly payment is received more than 30 days past due, the agreement to waive interest in section 4.1 will be amended as follows.

Section 4.1 has been modified in the entirety to be replaced by the following.

ASSUMPTION AGREEMENT - 1

4.1    Except as provided in paragraph 3.4, upon execution of this assumption agreement, Lender hereby waives all accumulated interest, late fees and penalties from March 1, 2020 to March 1, 2021; based upon the performance of the New Borrower's amended agreement noted in paragraph 3.3 and 3.5. Each monthly payment shall be due on the first day of each month, until paid in full. If any monthly payment is received more than 30 days past due, Lender's agreement to waive interest from March 1, 2020 to March 1, 2021 provided herein shall be in no force or effect.

Section 4.2 has been modified to add the following sentence to the end of section 4.2.

4.2    If New Borrower has provided certificate of occupancy and has actively marketed the home for sale for fair market value and the home has not yet sold by the maturity date, Lender hereby agrees to extend the maturity date for a maximum period of 180 days.

The parties reaffirm no other terms or conditions of the above-mentioned original contract not hereby otherwise modified or amended shall be negated or changed as a result of this here stated addendum.

**NEW BORROWER:**

Oregon JV LLC, a New York limited liability company

_____    11/16/2021
Menachem Silber, Member

**LENDER:**

_____
Vic Mitchell

ASSUMPTION AGREEMENT - 2

Exhibit A
Page 272 of 272