IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| OREGON JV LLC, a New York limited liability company, | No. 3:22-cv-00337-HZ |
| Plaintiff, | OPINION & ORDER |
| v. | |
| ADVANCED INVESTMENT CORP d/b/a AIC, an Oregon limited liability company; AUSTIN L. WALKER, an individual; JOSEPH RUSSI, an individual; ANTHONY J. FAVREAU and CYNTHIA L. FAVREAU, Trustees of the Favreau Family Trust; JOHN P. RUDE and CHRISTINE ANN SULLIVAN, individuals; DW&S, LLC, an Oregon limited liability company; CLS INVESTMENTS, LLC, an Oregon limited liability company; JOANNA NASSET and STEVEN NASSET, Trustees of the J&S Enterprises; CHARLES D. EVERARD, ADA M. EVERARD, DONNA J. SWANSON, and DIANE M. DUYCK, individuals; ROBBIN DENISE FREEDMAN, Trustee of the Robbin Denise Freedman Revocable Living Trust; SCHULTZ REAL ESTATE INVESTMENTS, LLC, an Oregon | |

1 – OPINION & ORDER

limited liability company, ROBERT EDISON
SILVIS and MICHAEL J. SILVIS, Trustees
for the Silvis Family Revocable Trust,
ROBERT BAYMAN and DELORES
BAYMAN, individuals; EUGENE W.
GRAMZOW, Trustee for the Eugene W.
Gramzow Revocable Trust; JOHN V.K.
FEARING and SUSAN L. BAKER,
Co-Trustees of the Baker Fearing Trust;
EMILY R. COLLINS, NEIL L. WARNE,
CHRISTY WARNE, MARK ALLEN
DITGEN, LINDA CAROL DITGEN,
STEPHEN F. DUFFY, AMY S. LA
GRANDER, MARGIE NEMCIK-CRUZ,
JONNY B. WATSON, REX B.
BALLENGER, BONNIE L. BALLENGER,
MICHAEL A. WELT, ROBERT A. ZOLLER,
DIANA GREENE, individuals; RH
VENTURES, LLC, an Oregon limited liability
company; ERVIN WOOD, an individual; J&D
OR PROPERTIES, LLC, an Oregon limited
liability company; MATTHEW DAVID
FREEDMAN, Trustee of the Matthew
David Freedman Revocable Trust; CARL M.
DUTLI, Trustee of the CMD Retirement
Trust; MARGARET J. BROWN OLSON,
Trustee of the Margaret J. Brown Trust;
JOHN M. COMPTON, BETTY COMPTON,
KURT D. CONNELL, ERIN RONNIE
CONNELL, individuals; CRAIG ALACANO,
CYNTHIA L. ALACANO, Co-Trustees of
the Craig and Cynthia Alacano Joint Trust;
VIC MITCHELL, ANDREW STRICKLAND,
JOSEPH RUSSI, individuals.

     Defendants,

 v.

MENACHEM SILBER,

     Third-Party Defendant.

2 – OPINION & ORDER

Joseph M. Mabe
Keith A. Pitt
Slinde Nelson
425 NW 10th Ave, Suite 200
Portland, OR 97209

Daniel H. Roseman
Hinman Howard & Kattell, LLP
707 Westchester Ave, Suite 407
White Plains, NY 10604

Paul T. Sheppard
Hinman Howard & Kattell, LLP
80 Exchange Street, P.O. Box 5250
Binghamton, NY 13902

  Attorneys for Plaintiff and
  Third-Party Defendant

Keith D. Ropp
Christopher W. Peterman
P.O. Box 1146
Roseburg, OR 97471

  Attorneys for Defendant Russi

HERNÁNDEZ, District Judge:

  Plaintiff Oregon JV LLC brings this action against Defendants Advanced Investment Corp (d/b/a "AIC"), Austin Walker—an AIC employee, Joseph Russi, and fifty-one individual "Defendant Lenders."[1] AIC managed a pool of construction loans to Defendant Russi, each of which was funded by a distinct Defendant Lender. Plaintiff's assumption of those loans form the basis of its claims. Plaintiff brings claims for fraud, unjust enrichment, negligent misrepresentation, and rescission of contract. Defendant Russi filed an Amended Answer to Plaintiff's Second Amended Complaint, in which he asserts counterclaims as well as third-party

---

[1] On September 16, 2022, Plaintiff dismissed Defendants Anthony J. Favreau and Cynthia L. Favreau from this action.

3 – OPINION & ORDER

claims against Third-Party Defendant Menachem Silber.[2] Defendant Russi also asserts a third-party claim against Toprock Funding, LLC, who is currently not a party to this case.[3] Plaintiff and Third-Party Defendant Silber move to dismiss all claims brought by Defendant Russi under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). For the reasons explained below, the Court grants in part and denies in part Plaintiff and Third-Party Defendant's motion.

## BACKGROUND

Defendant AIC, a construction lender, originated and managed dozens of construction loans to Defendant Russi for the purpose of constructing homes on various real estate parcels in Oregon. Second Am. Compl. ("SAC") ¶¶ 44, 46. Russi held title to the various properties. SAC ¶ 46. Each loan at issue in this case was funded by a distinct individual Defendant Lender. SAC ¶ 49. In late 2019, construction work slowed because of the large number of projects and a poor labor market. Russi First Am. Ans. ("FAA") ¶ 144. Construction was further hampered in 2020 due to the COVID-19 pandemic. FAA ¶ 145. Around March 2020, Russi began to borrow money from Toprock Funding, LLC ("Toprock"), a company co-owned by Third-Party Defendant Menachem Silber. FAA ¶ 146; SAC ¶ 64. The loans from Toprock carried high interest rates up to 72% and encumbered Russi's entire portfolio. FAA ¶ 146. Russi filed for Chapter 7 bankruptcy in the summer of 2020. FAA ¶ 147. Russi alleges that in the fall of 2020, Silber promised to help him get out of bankruptcy by taking over the loans from Defendant Lenders and buying Russi's properties through Toprock. FAA ¶ 148. In December 2020, Russi executed a

---

[2] Defendants AIC, Walker, and Defendant Lenders filed a joint Amended Answer separate from that filed by Defendant Russi. On June 7, 2023, the Court entered an Opinion and Order denying Plaintiff and Third-Party Defendant's Motion to Dismiss counterclaims and third-party claims brought by these Defendants AIC, Walker, and Defendant Lenders. ECF 95. Defendant Russi asserts counterclaims and third-party claims separately.
[3] No waiver of service and no affidavit of service has been filed indicating that Toprock Funding LLC has been served.

"Sale Agreement" with Toprock. FAA, Ex. 1. The Sale Agreement provided that in consideration for the transfer of Russi's properties, Toprock would pay Russi $250,000 up-front, followed by a gradual payment of $350,000 as the properties sold. FAA ¶¶ 149, 152. Under the Sale Agreement, Toprock would also pay Russi 5% of profits it made on the sale of all homes built by Toprock on a particular 38-acre parcel and pay Russi's mother $35,000. FAA ¶ 152. Toprock failed to make these payments. FAA ¶ 153.

In March 2020, Third-Party Defendant Silber formed Plaintiff Oregon JV LLC as an Oregon limited liability company. Defs. AIC, Walker, and Defendant Lenders' First Am. Ans. ("AIC FAA") ¶ 167. Oregon JV LLC then obtained title to Russi's properties and assumed all of Defendant Lenders' loans on the properties. AIC FAA ¶¶ 168, 169; SAC ¶¶ 63, 64. Silber executed the assumption agreements on behalf of Plaintiff Oregon JV LLC. AIC FAA ¶ 169. Defendant Lenders, AIC, and Walker bring counterclaims and third-party claims against Plaintiff Oregon JV LLC and Third-Party Defendant Silber based on breach of the assumption agreements. AIC FAA ¶¶ 180-241. Defendant Russi's counterclaims and third-party claims relate to the Sale Agreement with Toprock but not the assumption agreements. FAA ¶¶ 160-182. Plaintiff and Third-Party Defendant Silber move to dismiss all of Defendant Russi's claims.

## STANDARDS

**I.    Rule 12(b)(6) – Failure to State a Claim**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under

5 – OPINION & ORDER

Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

II.     **Rule 12(b)(2) – Personal Jurisdiction**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal on the grounds that the court lacks personal jurisdiction. The plaintiff has the burden of showing personal jurisdiction. *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).

> When the Defendant's motion is based on written materials rather than an evidentiary hearing . . . we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction. Uncontroverted allegations in the complaint must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.

*Will*, 47 F.4th at 921 (internal quotation marks and citation omitted).

6 – OPINION & ORDER

In a diversity case, the federal court looks to the law of the state in which it sits to determine whether it has personal jurisdiction over a non-resident defendant. *W. Helicopters, Inc. v. Rogerson Aircraft Corp.*, 715 F. Supp. 1486, 1489 (D. Or. 1989); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) ("When no federal statute governs personal jurisdiction, the district court applies the law of the forum state.").

Oregon Rule of Civil Procedure 4 governs personal jurisdiction in Oregon courts. Oregon's long-arm statute confers jurisdiction to the extent permitted by due process under the United States Constitution. *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F.2d 758, 760 (9th Cir. 1990) (citing Or. R. Civ. P. 4(L)); *Oregon ex rel. Hydraulic Servocontrols Corp. v. Dale*, 294 Or. 381, 657 P.2d 211 (1982)). Thus, the court may proceed directly to the federal due process analysis. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (when state long-arm statute reaches as far as the Due Process Clause, the court need only analyze whether the exercise of jurisdiction complies with due process); *see also Millennium Enters., Inc. v. Millennium Music, LP*, 33 F. Supp. 2d 907, 909 (D. Or. 1999) (noting that because "Oregon's catch-all jurisdictional rule confers personal jurisdiction coextensive with due process . . . the analysis collapses into a single framework and the court proceeds under federal due process standards").

To comport with due process, "the nonresident generally must have 'certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The forum state may exercise either general or specific jurisdiction over a non-resident defendant. *Boschetto*, 539 F.3d at 1016.

7 – OPINION & ORDER

## DISCUSSION

Defendant Russi brings three counterclaims against Plaintiff and Third-Party Defendant Silber: (1) Breach of Contract; (2) Fraud; and (3) Unjust Enrichment.[4] Defendant's claims all relate to the Sale Agreement between him and non-party Toprock. Third-Party Defendant argues that all claims against him should be dismissed because Defendant fails to adequately plead individual liability and the Court lacks personal jurisdiction over him. Plaintiff and Third-Party Defendant also argue that Defendant fails to meet the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b) and that his fraud and unjust enrichment claims are duplicative of his breach of contract claim.

**I.     Claims Against Third-Party Defendant**

Defendant asserts all claims jointly against Plaintiff Oregon JV LLC and Third-Party Defendant Silber. Defendant alleges that Third-Party Defendant Silber "signed all relevant documents on behalf of Plaintiff and Toprock, and was in charge of gathering all relevant information and conducting due diligence before doing so." FAA ¶ 141. Defendant also states:

> At all times material, Silber held himself out as the principal member of Plaintiff and Toprock, and all actions taken by Plaintiff and Toprock in this matter were at his individual direction and control. At all times material hereto, Silber was the alter-ego of Plaintiff and Toprock, and both the written and verbal communications and transactions of Plaintiff and Toprock with Defendant Russi were undertaken at Silber's express direction and control. Upon information and belief, Silber operated and exercised control over Plaintiff and Toprock for his own personal benefit and to the detriment and harm of Defendant Russi. As a result of the conduct alleged herein, Silber is personally liable for the debts, liabilities, and obligations of Plaintiff and Toprock.

FAA ¶ 142. Third-Party Defendant argues that all claims against him should be dismissed because (1) Defendant does not plead facts sufficient to show that he is personally liable for the

---

[4] Defendant also asserts these claims against Toprock Funding, LLC. But, as noted in Footnote 3, Toprock has not been served or waived service and is not a party to this action.

8 – OPINION & ORDER

claims alleged against Plaintiff or for any wrongdoing by non-party Toprock and (2) Defendant does not state a basis for the Court to have personal jurisdiction over him.

### A.      Individual Liability

Under Oregon law, "the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise" belong solely to the LLC. Or. Rev. Stat. § ("O.R.S.") 63.165(1). Thus, "[a] member or manager is not personally liable for a debt, obligation or liability of the [LLC] solely by reason of being or acting as a member or manager." *Id.* In other words, for Defendant to state a claim against Third-Party Defendant, he must allege individual wrongful conduct by Third-Party Defendant apart from simply being a member or manager of Plaintiff or Toprock. *See Kinzua Res., LLC v. Or. Dep't of Env't Quality*, 366 Or. 674, 687, 468 P.3d 410, 417 (2020) (internal quotation marks and citation omitted) ("[M]embers and managers of an LLC are not vicariously liable for the LLC's debts, obligations, or liabilities.").

But members and managers of LLCs may be held liable for their own acts or omissions "to the extent that those acts or omissions would be actionable against the member or manager if that person were acting in an individual capacity." *Cortez v. Nacco Material Handling Grp.*, 356 Or. 254, 268-69, 337 P.3d 111, 119 (2014) (en banc). Claims against individuals acting on behalf of an LLC need not be distinguished from claims against the LLC itself. A member or manager is responsible "even if the allegedly tortious actions were taken in the individual's capacity as member of the LLC in furtherance of the LLC's business." *Nebulae Inc. v. Taylor*, No. 3:20-cv-946-JR, 2020 WL 8474587, at *3 (D. Or. Oct. 19, 2020); *see Cortez*, 356 Or. at 269 (noting that O.R.S. 63.165(1) does not shield the owner/member of an LLC "from responsibility for its own negligent acts in managing [the LLC]"). Thus, "members and managers remain personally liable

for the actions that they take on behalf of an LLC to the same extent that they would be liable if they were acting in an individual capacity." *Cortez*, 356 at 268 (internal quotation marks and brackets omitted).

The Court previously denied Third-Party Defendant's motion to dismiss third-party claims brought by Defendants AIC, Walker, and Defendant Lenders. *Oregon JV LLC v. Advanced Inv. Corp.*, No. 3:22-cv-00337-HZ, 2023 WL 3886111 (D. Or. June 7, 2023). Third-Party Defendant had argued that he could not be held individually liable for the actions of Plaintiff. *Id.* at *3. In denying his motion to dismiss, the Court found that the defendants had adequately alleged individual conduct by Third-Party Defendant that justify a claim for individual liability. *Id.* at *5.

Similarly, with his third-party claims, Defendant Russi alleges individual conduct by Third-Party Defendant on behalf of Toprock that caused him harm. According to Defendant, Third-Party Defendant issued predatory loans on behalf of Toprock, promised to help him get out of bankruptcy, pressured him to sign the Sale Agreement, and made false representations to him that Toprock would perform its duties under the Sale Agreement. Defendant alleges direct tortious conduct by Third-Party Defendant that justifies a claim for individual liability. Third-Party Defendant is responsible for his own actions. Thus, the allegations in Defendant Russi's First Amended Answer and Third-Party Complaint adequately state a basis for holding Third-Party Defendant individually liable on his tort claims, even if the alleged tortious acts were done on behalf of Toprock.[5]

---

[5] Defendant Russi's assertion of an alter-ego theory fails because he does not allege actions by Third-Party Defendant that prevent him from bringing claims against and collecting from Toprock. *See Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 108, 654 P.2d 1092, 1101 (1982) (an alter-ego theory of liability requires a showing that "the plaintiff's inability to

B.     Personal Jurisdiction

Third-Party Defendant asserts that because he is a citizen of New York and because he was not an individual party to the transactions in this case, there are no grounds for the Court to have personal jurisdiction over him. Courts may exercise personal jurisdiction over a party in two ways: "general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Under general jurisdiction, a court may exercise jurisdiction over "any and all claims" brought against a party who is "essentially at home" in the forum state. *Id.* (quoting *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Because Third-Party Defendant is not a citizen of Oregon and is not alleged to have "continuous and systematic general business contacts" with the state, the Court has no basis to exert general jurisdiction over him. *See Schwarzenegger*, 374 F.3d at 801.

A court has specific personal jurisdiction where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). For specific jurisdiction, the defendant must have purposely availed itself to the forum state, and "[t]he plaintiff's claims . . . 'must arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Bristol-Meyers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017)).

Defendant alleges enough facts to show that his claims arise out of Third-Party Defendant's contact with Oregon. Third-Party purposely directed his activities at Defendant

---

collect from the corporation resulted from some form of improper conduct on the part of the shareholder").

11 – OPINION & ORDER

Russi, a citizen of Oregon, and Russi's properties in Oregon. The Sale Agreement executed by Third-Party Defendant gave Toprock ownership of properties in Oregon. In addition, the Court's exercise of specific jurisdiction is not unreasonable or unjust. Accordingly, the Court has personal jurisdiction over Third-Party Defendant as to the Defendant Russi's claims against him.

## II.     Breach of Contract

Defendant Russi brings a claim for breach of contract against Plaintiff and Third-Party Defendant. Defendant alleges that under the Sale Agreement, Toprock was obligated to pay him $250,000 up-front, $350,000 over time as properties sold, and 5% net profits on sales of particular homes. He claims that Toprock failed to perform those duties.

But Toprock is a not a party to this action. And Plaintiff and Third-Party Defendant are not parties to Sale Agreement. Plaintiff did not yet exist at the time the Sale Agreement was executed in December 2020. Defendant does not allege that Plaintiff had any obligations under the contract. As for Third-Party Defendant, he may be individually liable for any tort he committed on behalf of Toprock. But to the extent that Defendant alleges that Third-Party Defendant should be liable for Toprock's breach of contract simply because he controlled the company, his claim fails.

To succeed on an alter-ego or piercing-the-corporate-veil theory for his breach of contract claim, Defendant must allege that Third-Party Defendant engaged in some form of improper conduct, such as inadequate capitalization, to hinder Defendant's ability to collect from Toprock. *Great Am. Ins. Co. v. Linderman*, 116 F. Supp. 3d 1183, 1196 (D. Or. 2015) (citing *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 108, 654 P.2d 1092, 1101 (1982)). Defendant does not claim that Toprock is insolvent or otherwise unable to satisfy any debts it

12 – OPINION & ORDER

owes or any judgment obtained against it. Thus, Defendant does not allege facts to support Third-Party Defendant's liability for Toprock's failure to perform under the contract.

Because the Sale Agreement was between Defendant and Toprock only, Defendant fails to state a breach of contract claim against Plaintiff or Third-Party Defendant. Their motion to dismiss this claim is granted.

### III. Fraud

Defendant brings a fraud claim against Plaintiff and Third-Party Defendant. Defendant alleges that Third-Party Defendant falsely represented that he and Toprock would perform contractual duties under the Sale Agreement. To state a claim for fraud under Oregon law, a plaintiff must allege particular facts showing: "[1] the defendant made a material misrepresentation that was false; [2] the defendant did so knowing that the representation [w]as false; [3] the defendant intended the plaintiff to rely on the misrepresentation; [4] the plaintiff justifiably relied on the misrepresentation; and [5] the plaintiff was damaged as a result of that reliance." *Great Am. Ins. Co.*, 116 F. Supp. 3d at 1192 (quoting *Strawn v. Farmers Ins. Co.*, 350 Or. 366, 352, 258 P.3d 1199, 1209 (2011)). The federal rules require that a party "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). A plaintiff must allege facts that "give defendants notice of the particular misconduct," including "the who, what, when, where, and how" of the alleged misrepresentations. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). "[A] fraud claim based on a promise not performed may be actionable if the party never intended to perform the contract or acted with reckless disregard regarding its ability to perform." *Metropolis Holdings, LLC v. SP Plus Corp.*, No. 3:20-cv-00612-SB, 2020 WL 4506778, at *4 (D. Or. Aug. 5, 2020). But to maintain a fraud claim based on breach of a contract, a plaintiff must plead with specificity facts that show the defendant fraudulently

13 – OPINION & ORDER

intended not to perform. *Hill Meat Co. v. Sioux-Preme Packing Co.*, No. 08-1062-SU, 2009 WL 1346606, at *6 (D. Or. May 13, 2009).

First, Defendant does not plead any facts to support a fraud claim against Plaintiff. Defendant does not allege that Plaintiff had a duty to perform under the Sale Agreement. Nor does Defendant claim that Plaintiff made any representations to him about making the required payments under the contract. Again, Plaintiff did not exist as an entity at the time the Sale Agreement was executed.

Second, Defendant alleges no facts to support his contention that Third-Party Defendant made false representations and never intended to have Toprock perform under the contract. Defendant simply states in a conclusory manner that Third-Party Defendant's representations that Toprock would pay him under the contract "were false, and [Third-Party Defendant] knew they were false." A fraud claim premised on an intent to not perform on a contract must allege "fraudulent intent . . . with the specificity required by Rule 9(b)." *Id.* Defendant's conclusory allegation fails to meet this standard. Even if Third-Party Defendant caused Toprock to breach the Sale Agreement, that failure to perform on the contract by itself "does not create an inference that [Third-Party Defendant] never intended to perform." *Metropolis Holdings*, 2020 WL 4506778, at *3; *see Sizer v. New England Life Ins. Co.*, 871 F. Supp. 2d 1071, 1079 (D. Or. 2012) ("To establish a defendant's fraudulent intent regarding a promise to act in the future, a plaintiff must do more than show the eventual breach of that promise."). To state a claim for fraud, Defendant must allege some action by Third-Party Defendant from which the court can infer that Third-Party Defendant never intended to have Toprock perform on the contract or acted with reckless disregard as to Toprock's ability to perform.

Defendant's conclusory allegation without supporting alleged facts does not satisfy the pleading standard for a fraud claim under Rule 9(b). Accordingly, the Court grants Plaintiff and Third-Party Defendant's motion to dismiss Defendant's counterclaim and third-party claim for fraud.

### IV.     Unjust Enrichment

Plaintiff and Third-Party Defendant move to dismiss Defendant's unjust enrichment claim as duplicative of his breach of contract claim. Under Oregon law, a party asserting a claim for unjust enrichment must allege: "(1) [the] party has conferred a benefit on another, (2) the recipient is aware that a benefit has been received, and (3) 'under the circumstances, it would be unjust to allow retention of the benefit without requiring the recipient to pay for it.'" *Confederated Tribes of Warm Springs Rsrv. v. Ambac Assur. Corp.*, Civ. No. 10-130-KI, 2010 WL 4875657, at *6 (D. Or. Nov. 17, 2010) (quoting *Summer Oaks Ltd. P'ship v. McGinley*, 183 Or. App. 645, 654, 55 P.3d 1100, 1104 (2002). Unjust enrichment is a "quasi-contract" claim, which "presupposes that no enforceable contract exists." *Id.* (quoting *Kashmir v. Patterson*, 43 Or. App. 45, 48, 602 P.2d 294, 296 (1979). Thus, a claim for unjust enrichment fails "when it is undisputed that a valid contract exists." *Harney v. Associated Materials, LLC*, No. 3:16-cv-1587-SI, 2018 WL 468303, at *4 (D. Or. Jan. 18, 2018) (citation and ellipses omitted).

But under Oregon law, a party may bring an unjust enrichment claim in the alternative to a breach of express contract claim when it "is unsure whether it can actually prove the existence of the contract at trial." *Confederated Tribes*, 2010 WL 4875657, at *7. In other words, "Oregon law allows pleading unjust enrichment in the alternative, at least until there is a dispositive determination" that an express contract exists. *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1147 (D. Or. 2020).

15 – OPINION & ORDER

In denying Plaintiff and Third-Party Defendant's motion to dismiss an unjust enrichment claim brought by AIC, Walker, and Defendant Lenders, the Court found that "whether an express contract existed is a matter yet to be determined." *Oregon JV LLC*, 2023 WL 3886111, at *8. On that motion, the issue was whether the assumption agreements were valid, enforceable contracts. Similarly, in its Second Amended Complaint, Plaintiff brings a rescission claim against Defendant that challenges the validity of the Sale Agreement. *See* SAC ¶ 122 (emphasis added) ("Plaintiff's *purchase agreement with Russi* and Assumption Agreements with Defendant Lenders are not valid and enforceable contracts because of mutual mistake."). Plaintiff may eventually succeed on its rescission claim against Defendant by showing that the Sale Agreement is not valid or enforceable. Thus, Defendant's unjust enrichment claim is not duplicative and may be pleaded in the alternative to the breach of contract claim.

According to the pleadings, three months after the Sale Agreement was executed, Third-Party Defendant transferred ownership of the properties purchased under the agreement from Toprock to Plaintiff. AIC FAA ¶¶ 161, 168. Thus, Plaintiff and Third-Party Defendant received a benefit from Defendant—ownership of his properties. But no party alleges that the obligation to perform on the Sale Agreement transferred as well. For Plaintiff and Third-Party Defendant to retain a benefit without an obligation to compensate Defendant for that benefit would be unjust. Thus, Defendant has pleaded sufficient facts from which the Court can infer that Plaintiff and Third-Party Defendant were unjustly enriched by Toprock's alleged failure to pay Defendant under the Sale Agreement. Accordingly, Plaintiff and Third-Party Defendant's motion to dismiss Defendant's unjust enrichment claim is denied.

## CONCLUSION

The Court GRANTS in part and DENIES in part Plaintiff and Third-Party Defendant's Motion to Dismiss [92]. Plaintiff and Third-Party Defendant's motion to dismiss Defendant Russi's unjust enrichment claim is denied. Defendant Russi's counterclaims and third-party claims for fraud and breach of contract are dismissed without prejudice and with leave to amend.

IT IS SO ORDERED.

DATED:   August 22, 2023   .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge